State *v.* Inness.

v. *Charlestown*, 2 Gray, 281; *Allen* v. *Blunt*, 2 W. & M., 148.

---

STATE *versus* CHARLES G. INNESS.

While no person can be twice lawfully punished for the same offence, yet he may be twice lawfully punished for the same act, when it is of such a character as to constitute two distinct offences.

The fact that a person has been convicted of keeping a drinking house and tippling shop is no bar to an indictment for presuming to be a common seller, although both indictments cover the same period of time and are supported by the same acts of illegal sale.

Distinction between keeping a drinking house and tippling shop, and being a common seller.

Where a demurrer to a special plea of *autrefois convict* is sustained, the judgment will be final for the State.

If the defendant desires to answer further, he must claim the right when he files his demurrer, or obtain leave to plead double at the beginning.

ON EXCEPTIONS from *Nisi Prius*, TAPLEY, J., presiding. INDICTMENT for being a common seller on the first day of

State *v.* Inness.

January, 1864, and on divers other days and times between said first day of January aforesaid, and the day of finding of the indictment, last Tuesday of November, 1865.

The respondent pleaded in bar a former conviction of keeping a drinking house and tippling shop, covering the same time mentioned in this indictment, to which plea the County Attorney demurred. The presiding Judge sustained the demurrer, and the respondent alleged exceptions.

*Evans & Putnam,* for the respondent.

The common law rule applicable to both pleas *autrefois convict* and *autrefois acquit,* is the same; its application is different. *Com.* v. *Roby,* 12 Pick., 503; 1 Chitty's Crim. Law, 457. The counsel also cited *Com.* v. *Squire,* 1 Met., 265; *Com.* v. *Jenks,* 1 Gray, 492. To punish a person twice for the same guilty intent is both "cruel" and "unusual." Const. of Maine, Art. 1, § 9. The offence pleaded and the one charged are of same grade, and hence a conviction of the former is a bar to the latter. *State* v. *Maher,* 35 Maine, 225.

*Peters, Attorney General, contra.*

WALTON, J.—It is a fundamental rule of law that a person shall not be twice punished for the same offence. But to punish a person for keeping a drinking house and tippling shop, and also for being a common seller of intoxicating liquors, although the same illegal acts contribute to make up each offence, is not a violation of this rule.

It often happens that a person is twice punished for the same act, when the act is of such a character as to constitute two distinct crimes. Thus a man who in company with at least two others commits an assault and battery, or any other illegal act, in a violent and tumultuous manner, may be twice punished, once as a rioter, and again as if he had committed the unlawful act alone. R. S., c. 123, § 2. So where one statute prohibits retailing liquor without a license, and another forbids trading with a negro, it has

been held that by retailing liquors to a negro, the seller incurs two penalties, one for retailing, and one for trading with a negro. *State* v. *Sonnerkalb*, 2 Nott and McCord, 280. So, in the same State, the act of buying goods of a negro, knowing them to be stolen, subjects the purchaser to two punishments, one for trading with a negro, and one for receiving stolen goods. *State* v. *Taylor*, 2 Bailey, 49. So if a person receives from a thief two parcels of goods, one being the property of A, and the other the property of B, a conviction of feloniously receiving one is no bar to a prosecution for feloniously receiving the other, although both parcels were received from the same thief at the same time, and therefore constitute but one act of reception. *Com.* v. *Andrews*, 2 Mass., 409. It has also been said that if a person steal two articles at the same time from the same person, two offences are committed, for each of which the thief may be separately indicted and punished. *Regina* v. *Brettel*, 1 Cor., & Marsh, 609. Lord Hale is an authority to the same effect. Hale's P. C., 241. The principle that when the same act constitutes two distinct offences, the guilty party may be separately punished for each offence, is well illustrated in a case of assault and battery in the presence of a Court, in which the offender was punished for the contempt, and also for the assault and battery. *State* v. *Young*, 1 Carolina Law Repository, 509. BLACKSTONE says that the pleas of former acquittal or former conviction must be upon a prosecution for the same identical *act and crime.* 4 Blacks. Com., 336. And Chief Justice SHAW says that, in considering the identity of the offence, it must appear, by the plea, that the offence charged in both cases are the same *in law* as well as *in fact;* that the plea will be vicious, if the offences charged in the two indictments be perfectly distinct *in point of law*, however nearly they may be connected *in fact. Com.* v. *Roby*, 12 Pick., 496.

We thus see that, while it is true that no person can be twice lawfully punished for the same offence, yet he may be

twice lawfully punished for the same act, when the act is of such a character as to constitute two distinct offences.

It has been held in two cases, in this State, that a conviction for presuming to be a common seller of intoxicating liquors, within a specified period, is no bar to a prosecution for a single sale within the same period. *State* v. *Coombs*, 32 Maine, 529; *State* v. *Maher*, 35 Maine, 225. *A fortiori*, the fact that a person has been convicted of keeping a drinking house and tippling shop is no bar to a prosecution for presuming to be a common seller, although both indictments cover the same period of time and are supported by the same acts of illegal sale. In point of law the two offences are entirely distinct. A person may be a common seller and not be guilty of keeping a drinking house and tippling shop; and a person may be guilty of keeping a drinking house and tippling shop and not be a common seller; and a person on trial for either offence can never be convicted of the other. All the tests usually applied, to determine whether a conviction upon one indictment is a bar to another, fail. Mr. Chitty says that if the crimes charged in the former and present prosecution are so distinct that evidence of the one will not support the other, it is inconsistent with reason as well as repugnant to the rules of law to say that the offences are the same. 1 Chit. Cr. Law, 453. East is an authority to the same effect. 2 East's P. C., 522. And both cite authorities which fully sustain the position.

If a person, intending to engage in the business of selling liquor, fits up a bar in his house or shop, he incurs no penalty, unless he actually begins the business of selling; for an unexecuted intention to do an unlawful act is not of itself a crime. But the moment he commences to sell, although he sell but a single glass, he has committed an offence for which he may be punished; and if he permits the liquor to be drank upon the premises, he is guilty of keeping a drinking house and tippling shop. The law does not require a plurality of sales to constitute this offence.

But a plurality of sales is necessary to constitute the crime of being a common seller. A common seller of intoxicating liquors is one who sells frequently, usually, customarily, habitually. *State* v. *O'Connor*, 49 Maine, 598. The proof need not be direct, it may be circumstantial, but the law is now well settled that, to authorize a verdict of guilty against a person charged with being a common seller, the jury must be satisfied that the defendant has been guilty of more than a single sale.

We thus see how widely different, in point of law, the offence of keeping a drinking house and tippling shop, and the offence of being a common seller, are. In the one case, a single act of selling only is necessary, but that must be in some building, vessel, or boat, and be accompanied with the act of drinking upon the premises. In the other, a plurality of sales must be established, but the sales need not be shown to have been in any building, vessel, or boat, nor to have been accompanied with drinking.

Our conclusion is that the fact that a person has been convicted and sentenced for keeping a drinking house and tippling shop, is no bar to a prosecution for being a common seller of intoxicating liquors, although both indictments cover the same period of time, and are supported by the same acts of illegal sale.

This view of the law disposes of the issue presented in this case. The demurrer is sustained, and the defendant's special plea in bar is adjudged insufficient.

What judgment shall be rendered? Shall it be final for the State, or only *respondeat ouster*? Our conclusion is that it must be final for the State. Otherwise the case would be improperly before the law court. For if the defendant can carry a case to the law court, and thus obtain a year's delay, by simply pleading a special plea, which, if adjudged against him, is followed by no other than a judgment to answer further, he has it in his power, by pleading in succession a sufficient number of such pleas, to postpone the final judgment indefinitely, and perhaps thereby defeat

State *v.* Inness.

the prosecution altogether. To guard against a result so disastrous to a prompt and efficient administration of justice, the law provides that when a dilatory plea is overruled, (and all pleas are dilatory which, if overruled, are followed by no other than a judgment to answer further,) and exceptions are taken, the Court shall proceed and close the trial, and that the action shall then be continued and marked law, and not before. R. S., c. 77, § 28. Cases should not therefore be entered in the law court on exceptions until they are in a condition to be finally disposed of if the exceptions are overruled.

In this case, the defendant pleaded specially a former conviction. The government demurred. The presiding Judge sustained the demurrer, and the defendant excepted. If the defendant desired to answer further he should have claimed the right then; or, according to some authorities, he should have obtained leave to plead double at the beginning. Not having done either, but having entered his action in this Court, which he could not rightfully do unless it was in a condition to be finally disposed of if his exceptions should be overruled, his right, if any, to answer further, must be regarded as waived. *Exceptions overruled.*

*Judgment final for the State.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.