## No. 9478.

### THE STATE OF LOUISIANA VS. J. R. HELVESTON AND CHARLES DUPLESSIS.

The pleas of *autrefois convict* and *autrefois acquit* have derived from the common law principle that no person shall be twice put in jeopardy of life or limb for the same offense, and neither of the pleas can be sustained unless the previous trial invoked as a plea in bar shall have been for the same charge contained in the new indictment or information, and unless the evidence required in one charge would be sufficient to establish the other.

Hence the plea in bar is not good to defeat a charge of "assault with a dangerous weapon, to-wit: a knife, with the intent to kill and murder and inflicting a wound less than mayhem," when it appears that the previous trial of the accused set up in bar, had been on a charge of robbery, although at the same time and on the same person.

APPEAL from the Tenth District Court, Parish of Rapides. *Blackman, J.*

*M. J. Cunningham*, Attorney General,.for the State, Appellant.
*J. C. Bayne* and *R. P. Hunter*, for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J.   The defendants were accused in the same information of the crime of assault with a dangerous weapon with intent to commit murder and inflicting a wound less than mayhem.  A *nolle prosequi* was entered as to Duplessis, and Helveston pleaded in bar that he had been tried on the day before on the charge of robbery on the same person and at the same time and place, and on the same facts, to be proven by the same witnesses; that he had been convicted of larceny, and acquitted of robbery; and that therefore the said conviction and acquittal were a bar to this prosecution.

The State demurred; the plea was tried on the face of the papers and sustained, and the State appeals.

The District Judge seems to have misapprehended the exact scope and meaning of the charge propounded against the accused in the present case.   In his reasons contained in the bill of exceptions reserved by the District Attorney we find the following language:   "The

evidence required to convict for robbery was the same as that required to convict on the indictment for assault with a dangerous weapon with the intent to kill and murder."

Tested under the tenor of the information in this case, the reasons of the District Judge quoted above contain two serious errors, one of fact and one of law. In the first place, the accused is not therein charged with " an assault with a dangerous weapon with intent to kill and murder," but the charge is " an assault with a dangerous weapon, to-wit: a knife, * * * with the intent * * * to murder, *and with said dangerous weapon to have inflicted a wound or wounds less than mayhem.*"

As understood by the trial judge the charge did not necessarily imply or include actual violence or a battery, and in the information, actual violence, such as blows, cuts or thrusts are necessarily included, and must be proved, in order to convict under the charge therein propounded.

It takes no argument to convince the legal mind that the elements of that charge do not constitute the necessary ingredients required in the crime of robbery, and that therefore they do not denounce the same offense as the latter crime.

As defined at common law, robbery " consists in the felonious and forcible taking from the person of another, or in his presence, against his will, of any chattel, money or valuable security to any value, by violence or putting him in fear."    Archibald Crim. Plead. 224.

The charge under which the accused was convicted of larceny, read in substance that, " with force and arms * * * he did wilfully and feloniously and by force and by putting in fear * * * * take and carry away from the person and in the presence of said Spencer," etc. It is therefore apparent that both at common law and under that charge, the essence of the crime of robbery could have been made out without proof of actual violence or blows, but simply by showing or displaying of force or threats and a putting in fear.

Hence we conclude that in order to substantiate the charge of robbery as contained in that information the State was not, and could not have been, required to prove the use of actual violence by blows, shooting or otherwise, in the absence of which proof the charge in the subsequent information, to-wit: an assault with a dangerous weapon, to-wit: a knife, with the intent to kill and murder, and inflicting a wound or wounds less than mayhem, could not have been made out, and proof of actual violence such as blows, cuts or thrusts with the intent as described in the information, was of the essence of a legal

conviction. The pleas of *autrefois acquit* and *autrefois convict* are founded on the common law principle, which was subsequently consecrated in the Constitution of the United States, and which has been retained in the criminal practice of this State, "that no person shall be twice put in jeopardy of life or limb for the same offence," and in order to support either of these pleas the accused must show that the previous trial which he sets up in bar was precisely for the same offense which had been charged in the subsequent proceedings; and that the same proof would be sufficient to establish either of the charges for which he is put on his trial. Hence it has been held that a plea in bar to a charge of entering a dwelling house by day time with intent to steal was not good when the previous charge on which the accused had been acquitted was for larceny. State vs. Shaw, 5 Ann. 342.

The verdict of the jury on the trial for robbery, shows that in their belief the violence, if any, was not immediately connected with the offence of larceny which they found against the defendant. Hence it is clear that they did not, as they could not, pretend to acquit the defendant of an assault with intent to murder and inflicting a wound less than mayhem. Our conclusion is therefore that the offences charged in the two informations are not the same, and that the judgment sustaining the plea in bar is erroneous.

It is therefore ordered that the judgment of the District Court be annulled, avoided and reversed, that the plea in bar interposed by the defendant herein be overruled, and that this cause be remanded for further proceedings according to law.