STATE *vs.* SILAS W. MCLOON.

Knox. Opinion November 9, 1886.

*Drunkenness.* *R. S., c. 27, § 48.* *St. 1885, c. 366, § 6.*

A complaint founded on R. S., c. 27, § 48 as amended by St. 1885, c. 366, § 6, simply alleging the name of the town in which the defendant was intoxicated and disturbing the public peace, is not sufficient on demurrer.

ON EXCEPTIONS by the defendant to the ruling of the court in overruling a demurrer to the following complaint:

"State of Maine. Knox, ss. To the judge of our police court for the city of Rockland, in the county of Knox:

"A. J. Crockett of Rockland, in said county of Knox, on the tenth day of April, in the year of our Lord one thousand eight hundred and eighty-five, in behalf of said state, on oath complains that Silas W. McLoon of Rockland, in the county of Knox, laborer, on the ninth day of April aforesaid, at Rockland aforesaid, in the county aforesaid, did voluntarily drink intoxicating liquors to excess, and was then and there guilty of drunkenness by said voluntary use of said intoxicating liquors, and was then and there found and seen drunk and intoxicated and disturbing the peace of the public, against the peace of said state, and contrary to the form of the statute in such case made and provided.

"Wherefore, the said complainant prays that the said respondent may be apprehended and held to answer to this complaint, and dealt with relative to the same, as law and justice may require.

"Dated at Rockland aforesaid, this tenth day of April, in the year of our Lord one thousand eight hundred and eighty-five.

(Signed.)          A. J. Crockett."

*True P. Pierce*, county attorney, for the state.

*Robinson and Rowell*, for the defendant.

VIRGIN, J. The complaint is based on R. S., c. 27, § 48, as amended by St. 1885, c. 366, § 6, which creates two classes of offences : (1.) "Being found intoxicated in any street or highway ;" and (2.) "Being intoxicated in one's own house, or in any other building or place, becoming quarrelsome, or in any other way disturbing the public peace, or that of his own or any other family."

The complaint sets out neither of these offences. The " place " in which the defendant was alleged to have been found intoxicated is not specified. It is not sufficient to allege simply that he was found intoxicated in Rockland, without specifying whether in the street, highway, building, or other particular locality.

The clause "and if found guilty of being intoxicated as aforesaid," was substituted by the legislature in the revision of 1883, for the phrase (found in the original statute of 1858, c. 33, § 26, and retained in all of the amendatory statutes of 1874, c. 255, 1880, chaps. 228 and 247) "and if found guilty of being intoxicated in the streets or highways, or of being intoxicated in his own house, or any other building or place, and becoming quarrelsome and disturbing the public peace." So that merely being found intoxicated otherwise than in the public or private places enumerated is not an offence in this state.

*Demurrer sustained. Complaint adjudged bad.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.