## JOE WARREN V. STATE OF NEBRASKA.

FILED JULY 12, 1907. No. 15,007.

1. **Criminal Law: JEOPARDY.** When a plea of former jeopardy is made by reason of *autrefois acquit*, the test to determine the identity of the two offenses is whether the evidence necessary to convict in the second case was admissible under the former charge, related to the same crime, and was sufficient to have warranted a conviction upon the former charge. If such a condition is shown to exist, the former acquittal is a bar to the second prosecution, but otherwise it will not operate to prevent prosecution upon another charge, even though based upon acts closely related in point of time.

2. ——: ——. An acquittal of the defendant upon the charge of the murder of one Lausten, *held* not to be a bar to a prosecution for the crime of robbery of Lausten committed at or about the time of the killing.

ERROR to the district court for Douglas county: ABRA-HAM L. SUTTON, JUDGE. *Affirmed: Sentence reduced.*

*H. B. Fleharty* and *T. S. Hollister*, for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin,* contra.

LETTON, J.

On the 14th day of February, 1906, an information was filed in the district court for Douglas county charging Jay O'Hearn, Raymond Nelson, Leo Angus and Joe Warren with robbery upon one Nels Lausten. Joe Warren was separately tried. He filed a plea in bar, alleging that at the February term, 1906, of the same court, an information was presented against him for the same offense, and that he was tried thereon and acquitted. The plea sets forth at length the information upon which he was tried. This information charges O'Hearn, Nelson, Angus and Warren with the murder of Lausten in the attempt to perpetrate a robbery, while the present information

charges the same persons with the robbery of $18.70 in money from Lausten. The plea further alleges that all of the evidence upon the trial was with reference to the crime of murder, and is necessarily the same as the evidence to be adduced in the case at bar, and the defendant prayed that he might be dismissed from the present charge. The county attorney demurred to this plea. The court sustained the demurrer, and the defendant was placed upon trial and convicted.

The principal errors alleged depend upon the question whether the crime charged against the defendant of murder in the attempt to perpetrate a robbery, and for which he was tried, is the identical crime which is charged in the present case. The defendant insists that the acts and circumstances which were relied upon to establish the charge of murder are identically the same acts and circumstances which are relied upon in this case to establish the charge of robbery; that it is the same transaction which is the subject of the charge; that in the former case the intent to perpetrate the robbery was an essential element of the crime charged, and that the acts relied upon to show the intent to rob in the first case are those relied upon to prove the robbery in the present case. It is further contended that the lesser crime of robbery is necessarily involved in the greater crime of murder, since the deliberation and malice necessary to make the killing murder in the first degree are presumed from the fact that the defendant was engaged in the perpetration of a robbery at the time.

An examination of the authorities bearing upon the question presented shows that it is not entirely free from doubt, and that no fixed rule or principle is universally accepted, and no fixed and uniform criterion established, whereby to determine the identity of causes. The English rule seems to be plain and well established that, unless the former indictment was such that the prisoner might have been convicted under it by proof of the facts set up in the second indictment, an acquittal on the first

indictment cannot be a bar to the second. 2 East, P. C. (Eng.) 522. But the American courts seem in some measure to have departed from the rule or test laid down by the English courts and have become a law unto themselves. It seems to be settled by the weight of authority, however, that where the second transaction is for a crime which is but another degree of the crime for which the first prosecution was had, the previous jeopardy will constitute a bar. A man cannot be tried for manslaughter when he has previously been tried for murder of the same person, nor *vice versa,* for the gist of the charge is the same in both cases, namely, the unlawful killing. The degree of the crime, or, in other words, the gravity of the punishment which may be inflicted, depends upon the circumstances surrounding the transaction, which may aggravate or mitigate the punishment according to its heinousness or the degree of moral turpitude of the guilty party in its commission. Since in such a case the defendant might have been convicted of manslaughter under the charge of murder in the first degree, the identity of the crime is clear, and as to such a state of facts there is no conflict in the authorities. Where, however, the same transaction or criminal acts may constitute more than one crime, the question becomes more difficult. If a man breaks into a building and steals from the person of an inmate by force and violence or by putting him in fear, he is guilty of burglary on account of the breaking, of robbery because of the larceny perpetrated by the assault and putting in fear, and of simple larceny on account of the taking and asportation of the goods or money. In such a case a man may be indicted for the burglary, for breaking and entering with intent to steal, or he may be indicted for the robbery, or for the simple larceny. Since these are crimes which differ in their essential elements, the authorities are almost uniform that the former jeopardy of one is no bar to a prosecution for the other (1 Bishop, New Criminal Law, sec. 1062), although a few courts, notably North Carolina and Georgia,

hold to the contrary. *State v. Lewis,* 2 Hawks (N. Car.), 98, 11 Am. Dec. 741; *Roberts & Copenhaven v. State,* 14 Ga. 8, 58 Am. Dec. 528. See, also, *State v. Colgate,* 31 Kan. 511. The rule which seems to be best supported by the authorities is that, where "the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act." *State v. Elder,* 65 Ind. 282; *Morey v. Commonwealth,* 108 Mass. 433; *Wilson v. State,* 24 Conn. 56; *State v. Caddy,* 15 S. Dak. 167, 87 N. W. 927; *State v. Magone,* 33 Or. 570, 56 Pac. 648; *State v. Martin,* 76 Mo. 337. "A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar." 12 Cyc. 280, *et seq.*

The rule thus deduced seems to be supported by the authorities generally, and this test seems to coincide with those laid down by Mr. Bishop (1 Criminal Law, sec. 1051). Tried by this standard, and assuming as true the allegation that the evidence at the former trial was the same as in this case, has the defendant been placed in jeopardy under the same charge? The charges in the two informations are based upon different statutory provisions. The evidence as to the transaction was the same, but in order to convict the defendant of robbery it was entirely unnecessary to show that Lausten had been killed. If the evidence had shown merely that he was threatened with a pistol, and that while so threatened the money was

37

taken from his possession by putting him in fear, it would
have supported a conviction of the present charge, while
it would have fallen far short of warranting a conviction
of the crime of murder in the attempt to perpetrate a
robbery. The defendant might have been convicted of
the murder of Lausten under the former charge, even if
no robbery had actually been committed, or he might have
been convicted of robbery in this case without any proof
of the death of Lausten. The charge in the first case was
not that Lausten had been robbed by the defendant; the
robbery was not the gist of the offense, but the attempt
to rob was merely alleged as an element which the stat-
ute seems to consider as presumably showing premedi-
tation and deliberation in the commission of the crime, or,
rather, to take the place of proof of such elements. The
evidence is clear that the four young men formed the
design to rob Lausten, that they proceeded to put this
design into execution, and that in the attempt to carry it
out that at least two of them committed murder. The
jury found that Warren was not guilty of murder. It
appears that at the former trial Nelson, the main witness
for the prosecution, testified that Warren had no revolver
on the night of the murder, while in this case he testified
that he did have one. In all probability the jury on that
trial were of the opinion that he was not guilty of par-
ticipation in the murder, since he was not in the saloon
that night, and was not armed. They might have well
believed at the same time that he was guilty of the rob-
bery, since he went to the locality with the guilty partici-
pants in that act, and with the intention and design to
rob. If they had so believed, they could not have con-
victed him of robbery under that information, and hence
were compelled to acquit. The evidence relied upon to
convict in this case was not sufficient to convict in that,
since it lacked the further proof necessary to convict of
murder. The charges were not identical, and the evi-
dence necessary for conviction in this case, while admis-
sible in the former to show intent, would not be sufficient

to convict. As has been aptly stated in *State v. Stewart,* 11 Or. 52: "The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense." *State v. Innes,* 53 Me. 536; *Sharp v. State,* 61 Neb. 187; *Price v. State,* 19 Ohio 423; *State v. Helveston,* 38 La. Ann. 314. In the latter case it was held that a plea in bar is not good to defeat a charge of assault with a dangerous weapon with an intent to kill and murder, where it appeared that the previous trial had been on the charge of robbery, although at the same time and on the same person, and it was said that in order to support the plea "the accused must show that the previous trial which he sets up in bar was precisely for the same offense which had been charged in the subsequent proceedings, and that the same proof would be sufficient to establish either of the charges for which he is put on his trial." To the same effect is *People v. Bentley,* 77 Cal. 7, 11 Am. St. Rep. 225.

The essential elements necessary to constitute the crime of murder and those necessary to the crime of robbery are entirely different. In proving the commission of murder, under some circumstances it may be necessary to show an attempt to rob or an actual robbery, but, in proving a robbery, it can never be important or necessary to show the murder of the person assaulted. The same proof is not required in both cases, and the crimes are dissimilar, except that in both an assault is an essential element. Tested by every accepted rule, there is no identity between the former charge upon which the defendant was tried and the charge upon which he was convicted. The evidence is clear that he was a participant in the design to rob, even though he was not present in the saloon at the time the money was taken.

Under the testimony in the case, we find it unnecessary to consider the other errors alleged, since none of them appear to have been prejudicial to the defendant.

It would seem that the punishment inflicted, consider-

ing the fact that Warren only made the acquaintance of Nelson, who appears to have suggested the robbery, the same day, that he was not in the saloon when the robbery was committed, and was in all probability unarmed, and taking into consideration the fact of his youth, is excessive, and we are inclined to think the fact of the killing of Lausten by the other defendants must· have unconsciously influenced the court in imposing a heavier sentence than otherwise would have been pronounced. We consider a sentence of fifteen years excessive, and that a sentence of ten years will better subserve the ends of justice.

The judgment of the district court is affirmed, but sentence reduced to ten years.

JUDGMENT ACCORDINGLY.