### STATE OF MAINE *vs.* OTHA H. JELLISON.

### Hancock.    Opinion July 10, 1908.

*Criminal Law.  Plea Autrefois Acquit.  Demurrer Thereto.  Effect of Demurrer.
Same Act may Constitute Two or More Offenses.  Unlawful Assembly and
Riot.  Assault and Battery.  Twice Put in Jeopardy.  Constitution of
Maine, Article 1, section 8.  Revised Statutes, 1857, chapter 77,
section 28 ; 1903, chapter 79, section 56 ; chapter 124, section 2.*

1.  While a demurrer admits the truth of allegations of fact well pleaded, it
does not admit the correctness of statements or conclusions of law made in
the pleading demurred to.

2.  While a demurrer to a plea of autrefois acquit may admit that the acts of
the defendant were the same in both cases, it does not admit that the
offenses charged were the same.

3.  The same act, or group of acts, may constitute two or more distinct
offenses, different in kind as well as degree.

4.  While the constitutional provision that " no person for the same offense
shall be twice put in jeopardy " prohibits another prosecution for the same
offense when the jeopardy has been once incurred, it does not prohibit
another prosecution for a different offense, though the act or group of
acts, was the same.

5.  The offense of unlawful assembly and riot under Revised Statutes,
chapter 124, section 2, and the offense of assault and battery are distinct
offenses different in kind, and a conviction or acquittal for either does not
bar a prosecution for the other offense, even though based on the same
acts.

6.  When a plea of autrefois acquit is overruled, and the defendant excepts
and stands upon his exceptions instead of pleading over, he must abide the
fate of the exceptions.  If they be determined against him there must be
final judgment for the State.  Revised Statutes, chapter 79, section 56.

On exceptions by defendant.   Overruled.   Judgment for the State.

Indictment against the defendant for the offense of unlawful
assembly and riot, under the provisions of Revised Statutes, chapter
124, section 2, found by the grand jury at the April term, 1907,
Supreme Judicial Court, Hancock County, charging that the
defendant on April 5, 1907, at Eden in said county, "with certain
other persons to the number of three and upwards, to wit: with

Joe Emery, Charles Conners, Frank Leighton and certain other wicked and ill-disposed persons, said certain other wicked and ill-disposed persons being to the jurors unknown, with force and arms, to wit with eggs, stones, sticks, staves and clubs as rioters, routers, and disturbers of the peace of the State, in a violent and tumultuous manner and unlawfully did assemble and gather themselves together to do an unlawful act to wit: to make an assault upon one ·Henry N. Pringle, and so being assembled and gathered together the day and year aforesaid at the county aforesaid, with force and arms in a violent unlawful and tumultuous manner, to the terror and disturbance of others, in and upon the said Henry N. Pringle in the peace of the State then and there being an assault did make with said eggs, stones, sticks, staves and clubs and him , the said Henry N. Pringle did then and there beat, wound and ill-treat and other wrongs to the said Henry N. Pringle then and there did to the great injury of the said Henry N. Pringle against the peace of the said State and contrary to the form of the statute in such case made and provided."

The defendant pleaded in bar an acquittal by the Bar Harbor Municipal Court upon a complaint against him for the offense of assault and battery upon the aforesaid Pringle, averring in his plea that the offense of which he was acquitted by the Bar Harbor Municipal Court and the offense for which he was indicted were one and the same offense.

To this plea the State by the County Attorney filed a general demurrer. The presiding Justice sustained the demurrer and the defendant excepted.

The case appears in the opinion.

*Charles H. Wood*, County Attorney, for the State.

*Edward S. Clark*, for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

EMERY, C. J. The defendant was indicted for the offense of unlawful assembly and riot under R. S., ch. 124, sec. 2, viz.— for being one of three or more persons who unlawfully assembled in

a violent and tumultuous manner to commit an assault upon Henry N. Pringle; and who being so assembled did in the same manner commit the assault. He pleaded in bar an acquittal by the Bar Harbor Municipal Court upon a complaint against him for the offense of assault and battery upon the said Pringle, averring in his plea that the offense of which he was thus acquitted and that for which he is now indicted are one and the same offense. To this plea the County Attorney demurred, the court sustained the demurrer and the defendant excepted. The demurrer, of course, did not admit the correctness of any statements or conclusions of law made in the plea; hence, though it admits that the acts of the defendant were the same in both cases, it does not admit that the offenses charged are one and the same. Whether they are the same or different offenses is a question of law now to be determined by the court.

It was said by the Connecticut Court in *Hurd* v. *State*, 2 Root, 186. "If a prosecution and conviction before a justice for a simple breach of the peace be a good plea in abatement or bar of information for riot, it would be attended with the most pernicious consequences, and the most atrocious offenders would be exculpated by punishments totally inadequate to their crimes." As to that, an acquittal would be attended with as pernicious consequences, but, passing that consideration, we proceed to consider whether the offense of unlawful assembly and riot charged in the indictment is the same offense as that of assault and battery charged in the complaint which the defendant was acquitted. It is to be noted that the constitution does not prohibit a second jeopardy for the same act or group of acts, but only "for the same offense," Dec. of Rights, sec. 8. The acts and the offense they constitute are different matters. The same acts may constitute more than one offense and also different offenses, subjecting the actor to as many punishments as the offenses his acts constitute.

Thus a person by the same acts or group of acts may violate the statute against selling liquors; also the statute against being a common seller of intoxicating liquors; also that against keeping a drinking house and tippling shop; and also that against maintain-

ing a common nuisance. If he be charged and convicted, or acquitted, of the violation of one of these statutes he has been put in jeopardy only for that one offense, and not for the offense of violating any of the other statutes. *State* v. *Coombs,* 32 Maine, 529 ; *State* v. *Maher,* 35 Maine, 225 ; *State* v. *Inness,* 53 Maine, 536. In the opinion of the court in this last case are cited many instances where it was held that a person may be punished more than once for the same act where the act constitutes more than one offense. We refer the reader to that opinion for the cases.

The offense of assault and battery and the offense of unlawful assembly or riot are different offenses. Neither includes the other. A person may commit either without committing the other. Nevertheless the same acts may sometimes constitute both offenses, but when they do, the offenses are still different though the acts are the same, and the perpetrator of the acts may be punished twice, once for each offense. *State* v. *Inness,* 53 Maine, 536, at page 537 ; *Hurd* v. *State,* 2 Root, 186 ; *U. S.* v. *Peaco,* Fed. Cas. No. 16,018 ; *Freeland* v. *People,* 16 Ill. 380. We are aware that in some States the courts hold otherwise but we think the above is the law of this State. It follows that the exceptions must be overruled.

In the case *State* v. *Inness,* 53 Maine, 536, where the court overruled the exceptions to sustaining a demurrer to a plea of former jeopardy, final judgment was ordered for the State after full consideration of the question whether the judgment should be final or only respondeas ouster. The decision was based on R. S. of 1857, ch. 77, sec. 28, now R. S., ch. 79, sec. 56. "When a dilatory plea is overruled and exceptions taken, the court shall proceed and close the trial, and the action shall then be continued and marked ' law,' " etc. The defendant's plea of former jeopardy was a dilatory plea, since, if overruled, the judgment, but for the statute cited, would be simply respondeas ouster. He pleaded his dilatory plea alone, without obtaining leave to plead double, and his plea having been judged insufficient, he excepted, and, without obtaining leave to plead over if his exceptions should be overruled, he brought them directly to the Law Court before the trial was closed. Under the statute it must be held that by taking the course

he did, he waived whatever right he may have had to plead over, when his dilatory plea was overruled; and that having thus elected to abide by that plea he must fall with it. *State* v. *Inness*, 53 Maine, 536; *Furbush* v. *Robertson*, 67 Maine, 35, page 38; *Smith* v. *Hunt*, 91 Maine, 572.

*Exceptions overruled.*

*Judgment for the State.*