## DUVALL v. THE STATE OF OHIO.

*Criminal law—Defendant not twice in jeopardy—Acquittal of murder in perpetrating robbery and trial for robbery—Res judicata inapplicable where defendant acquitted upon alibi defense, when.*

1. A defendant, who has been acquitted of a charge of murder committed while in the perpetration of a robbery, is not twice placed in jeopardy by being indicted and brought to trial for the crime of robbery, arising from the same transaction in which the killing was alleged to have been committed.

2. The failure of the state to prove beyond a reasonable doubt any one of the essential elements of a crime requires a verdict of acquittal, and where a defendant interposes the defense of an alibi, and there is a verdict of not guilty, a plea of *res judicata* will not constitute a valid defense upon his subsequent trial under an indictment charging the commission of a different crime at the same place and time alleged in the former indictment.

(Decided March 4, 1924.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Garrison & Phillips,* for plaintiff in error.

*Mr. Roy R. Stuart,* prosecuting attorney, for defendant in error.

CHITTENDEN, J.    In August, 1923, the grand jury of Lucas county returned an indictment against the plaintiff in error, defendant in the court below, charging that on the 1st day of March, 1923, he unlawfully and forcibly made an assault upon one John C. Herbruck, and robbed him of certain money of the amount and value of $50.

To this indictment the defendant filed a plea of former acquittal and *res judicata*. He alleged, in substance, that the grand jury of Lucas county had theretofore returned an indictment against him charging him with murder in the first degree, in that he killed John C. Herbruck while attempting to commit a robbery. He alleges that he is the same Samuel R. Duvall who was the defendant in the former indictment, and that the robbery referred to in the indictment for the crime of murder in the first degree while in the perpetration of a robbery is the same robbery charged in the indictment against him in this action. He further pleads that at the former trial his sole defense was an alibi. He alleges that the trial upon the former indictment resulted in a verdict of not guilty, and that by reason thereof he is protected by the Constitution of Ohio from being placed on trial for the crime charged in the instant indictment. It is also claimed by him that the verdict of acquittal conclusively determines the defense of alibi in his favor as between himself and the state of Ohio. A demurrer was interposed by the state to this plea, which demurrer was sustained. The cause went to trial and the jury returned a verdict of guilty as charged in the indictment. Motion for a new trial was overruled, and the defendant was sentenced according to law.

Plaintiff in error assigns as grounds for a reversal of the judgment error in overruling his motion for a directed verdict in his favor, error in sustaining the demurrer to his plea in bar, error in the rejection of evidence offered by him in support of his defense of *res judicata,* and error in

that the verdict of the jury is against the manifest weight of the evidence.

The first question presenting itself for determination is that raised by the demurrer to the plea in bar. Was the defendant twice placed in jeopardy for the same offense by being required to go to trial upon the indictment for robbery? The case has been most carefully presented, both in oral argument and in printed briefs. Counsel have made wide research of the authorities and have carefully collected and presented the authorities sustaining the position contended for on behalf of plaintiff in error. We have examined the cases cited and many others. We deem it entirely unnecessary to discuss cases cited from other jurisdictions, as it would be an impossible task to reconcile the decisions of the courts of last resort in the several states upon the question of former jeopardy. The Supreme Court of Ohio, however, has very definitely settled the law in this state upon that subject, and we find that the rule announced by that court is in accord with the great weight of authority. We deem it unnecessary to enter upon any extended discussion of the law, as the several decisions by the Supreme Court have fully considered the subject. We will only quote a few sentences from *State of Ohio* v. *Rose,* 89 Ohio St., 383, which case has been followed and approved in subsequent decisions of the Supreme Court. On page 386 of that report, we find the following language:

"The words 'same offense' mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation."

And from page 387 we quote the following:

"It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the 'same offense.' The usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy."

The law relating to former jeopardy is further settled in this state by the following cases: *State* v. *Billotto*, 104 Ohio St., 13, and *State* v. *Corwin*, 106 Ohio St., 638.

In view of the foregoing decisions we hold that the defendant was not twice placed in jeopardy by reason of being brought to trial on the second indictment, the crime of robbery, although arising out of the same transaction, being a distinct and different offense from that of the murder charged in the former indictment. Robbery is an offense under an entirely different statute. The defendant in the former trial could not have been found guilty of the crime of robbery, for it was not an offense included in the indictment charging murder. An included offense is one which differs only in degree from the offense charged. Section 13692, General Code, provides:

"When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof."

This distinction is recognized by the Supreme

Court in *State* v. *Corwin, supra,* where, at page 639, the court says:

"It is under an entirely different statute, and can in no wise be regarded as an included offense, for that under the statute relates to degrees of crime."

Attention is called to a decision of the Supreme Court of Nebraska in a case very similar in its facts, in which that court held that an acquittal of the defendant on a charge of murder while in the perpetration of a robbery was not a bar to a subsequent prosecution for the crime of robbery committed at the time of the killing. *Warren* v. *State,* 79 Neb., 526.

The plaintiff in error insists that even though the defense of former jeopardy be not sustained a complete bar is nevertheless pleaded by the allegation of a former acquittal of the charge of murder, the defense there having been that of alibi. The doctrine of *res judicata* as plead in civil actions is sought to be applied to criminal procedure. It is argued that the former decision conclusively established, as between the defendant and the state, that the defendant was not at the place where the murder and robbery were committed. This claimed defense, it will be seen, is broader than that of the constitutional guaranty, "that no person shall be twice put in jeopardy for the same offense." In a criminal proceeding there is but one issue, and that is the guilt or innocence of the accused. There are various essential elements constituting the crime, each of which the state is bound to prove beyond a reasonable doubt, and failure upon the part of the state to so establish any one of the essential elements of the crime requires a judg-

ment of acquittal. It is quite evident that a judgment of former conviction necessarily involves a finding in favor of the state upon each of the essential elements of the crime, whereas a verdict and judgment of acquittal may result from a failure of the state to satisfy the jury beyond a reasonable doubt as to any one of those essential elements. The doctrine of *res judicata* is not to be applied to the determination of every controverted fact that may be presented in the trial of a case. A plea of *res judicata* as to such controverted facts cannot be substituted for a plea of former jeopardy. In criminal cases the constitutional protection against being twice put in jeopardy for the same offense is the protection upon which the defendant must rely. As was said by Jones, J., in *Patterson* v. *State,* 96 Ohio St., 90, 95:

"The only protection vouchsafed to the accused in criminal cases is that he shall not be twice placed in jeopardy for the *same offense.* There is no guarantee, either by constitution or by statute, that evidence offered upon the trial of the accused for a different offense, of which he was convicted or acquitted, may not be offered to prove a distinct but related offense. If the contention of the accused should be upheld—that the state is concluded by the verdict of acquittal for the larceny of the Clock car—its effect would be to allow an alleged adjudication of fact to be utilized as a guise for a plea of former jeopardy."

The doctrine of *res judicata* is applicable only where there has been a definite adjudication of the matter in controversy between the parties. In a criminal case, where the defendant is relying on the defense of alibi, it is not incumbent upon him

to prove such defense by a preponderance of the evidence, and the jury is therefore charged by the court that the defendant is not required to prove the defense of alibi by a preponderance of the evidence, but that it is sufficient if his evidence upon that subject, taken in connection with all the other evidence in the case, raises a reasonable doubt in the mind of the jury of the guilt of the defendant. When the evidence of the defendant need only be sufficient to raise a reasonable doubt in the mind of the jury of the guilt of the defendant in order to make it the duty of the jury to render a verdict of acquittal, a verdict of acquittal is far from being an affirmative finding in favor of the defendant upon his defense of alibi. What is here said concerning the defense of alibi would equally apply to self-defense, or any other special defense presented by the accused in a criminal case.

We do not find that the Common Pleas Court erred in sustaining the demurrer to the defendant's plea in bar, and it follows from what has been said that there was no error in the rejection of evidence offered by the defendant in support of his plea of *res judicata.*

We do not find that there was any error in refusing to direct a verdict, and we further find that the verdict and judgment are not contrary to the weight of the evidence.

*Judgment affirmed.*

KINKADE and RICHARDS, JJ., concur.