STATE OF MAINE

*vs.*

LYNDON LAWRENCE

Penobscot.   Opinion, June 21, 1951.

*John T. Quinn,*
*Oscar Fellows,* for State of Maine.

*Harry Stern,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J. The case is reported to us to decide questions of law raised by the complaint, plea of former conviction, demurrer and joinder. The complaint charges operation of a motor vehicle while under the influence of intoxicating liquor. The conviction was for the offense of being found intoxicated in a public place.

For our purposes the State has admitted by its demurrer that both charges arose from the same acts of the defendant and in the same transaction. *State* v. *Jellison*, 104 Me. 281, 71 Atl. 716. We reach the merits of the case without consideration of objections to the sufficiency of the plea in form and substance urged in argument by the State. Whether in a reported case technical objections are waived or whether, if not waived, the objections here made are sound, we do not determine. In any event by our treatment of the plea as sufficient, the defendant cannot be prejudiced.

The statutes relating to the offenses read in part as follows:

"Whoever is found intoxicated in any street, highway, or other public place — ." *R. S., Ch. 57, Sec. 95,* as amended; and

"Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of intoxicating liquor or drugs, —." *R. S., Ch. 19, Sec. 121,* as amended.

"No person, for the same offence, shall be twice put in jeopardy of life or limb." *Constitution of Maine, Art. I, Sec. 8.* The key words in the case at bar are "for the same offence." Are the offenses the same both in fact and in law, or different? The answer is not found in the fact that the

acts of the defendant were the same in both cases or that the charges arose from the same transaction.

Chief Justice Emery, in the *Jellison* case, *supra,* at page 283 stated the applicable rule in the following words:

> "The acts and the offense they constitute are different matters. The same acts may constitute more than one offense and also different offenses, subjecting the actor to as many punishments as the offenses his acts constitute."

At page 284:

> "The offense of assault and battery and the offense of unlawful assembly or riot are different offenses. Neither includes the other. A person may commit either without committing the other. Nevertheless the same acts may sometimes constitute both offenses, but when they do, the offenses are still different though the acts are the same, and the perpetrator of the acts may be punished twice, once for each offense."

It should be noted that, if one offense is included within the other, it does not necessarily follow that they are the same. The test is conclusive only when it establishes a difference. *State* v. *Inness,* 53 Me. 536. The principle has been stated by Mr. Justice Sutherland in *Blockburger* v. *United States,* 284, U. S. 299 at 304, as follows:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The defendant is charged with the violation of two distinct statutes enacted for different and unrelated purposes. The one statute is designed to prevent the evil of drunkenness in public; and the other, a menace of great and growing concern to the lives and safety of the public. There

can be no doubt that the Legislature intended to create separate and distinct offenses. *State* v. *Fogg,* 107 Me. 177 at 180, 77 Atl. 714.

The elements of the intoxication charge are:

(1) the condition of intoxication; and

(2) the finding of the defendant in such condition "in a street, highway, or other public place." *State* v. *McLoon,* 78 Me. 420, 6 Atl. 601; *State* v. *Carville,* 14 Atl. 942 (a *per curiam* decision not found in the Maine Reports reported in 1888 by Leslie C. Cornish, Esq., later Chief Justice). The defendant must be arrested in the commission of the offense. See *State* v. *Boynton,* 143 Me. 313, 62 Atl. (2nd) 182.

In the driving charge the elements are:

(1) operation or the attempt to operate a motor vehicle; and

(2) when the defendant is intoxicated, or at all under the influence of intoxicating liquor.

The element of being "found" in the intoxication charge does not appear in the driving charge. Without this element there is no violation of the intoxication statute. In the driving charge there is no requirement that the defendant be found in a particular place or in a particular condition. Indeed, whether the offense occurred in a private or public place is of no consequence.

Another difference between the offenses lies in the required proof of the condition of the defendant. In the one case he must be intoxicated; and in the other, under the influence of intoxicating liquor. The difference lies in the degree of the influence and is well understood. *State* v. *Mann,* 143 Me. 305, 61 Atl. (2nd) 786.

Our decision, however, does not rest upon the difference between the conditions. The result would be the same if the defendant were here charged with operation of a motor vehicle when intoxicated. There would yet be lacking the element of being "found."

Evidence to prove either charge would not warrant conviction of the other. The intoxication statute alone requires proof of being "found," and, of course, the operation of a motor vehicle is present only in the driving charge. The test plainly discloses that the offenses are different, and hence the defendant is not "twice put in jeopardy" for the same offense.

The case of *State* v. *Shannon*, 136 Me. 127, 3 Atl. (2nd) 899, 120 *A. L. R.* 1166, heavily relied upon by the defendant, is not controlling. The issue there was the nature of the crime of perjury. It was held that the giving of false testimony at one trial constituted one perjury and accordingly acquittal of perjury barred a later prosecution for the like offense. The State attempted without success to divide one perjury into two perjuries. If the case at bar involved two driving charges arising from the same transaction, the *Shannon* case would be in point.

The governing principles and their application in a variety of circumstances may be found in *State* v. *Inness, supra; State* v. *Littlefield,* 70 Me. 452; *State* v. *Jellison, supra; State* v. *Beaudette,* 122 Me. 44, 118 Atl. 719; *State* v. *Shannon, supra;* and *Smith, Petitioner for Writ of Error,* 142 Me. 1, 45 Atl. (2nd) 438. See also 15 *Am. Jur.* "Criminal Law," Sec. 380-392, 22 *C. J. S.* "Criminal Law," Sec. 278-285 and Sec. 295 (b) ; and annotations in 92 *A. S. R.* 89 at 104 et seq., and 172 *A. L. R.* 1053 at 1054 and 1065. We are aware that our views are not in accord with the cases of *State* v. *McLaughlin* (1926), 121 Kan. 693, 249 P. 612, and *Dowdy* v. *State* (1929), 158 Tenn. 364, 13 S. W. (2nd) 794.

The demurrer must be sustained and the plea overruled. With the disposition of the dilatory plea, the only question is what judgment should be entered.

In the Municipal Court, where the complaint originated, the defendant pleaded guilty and then appealed to the Superior Court. The guilty plea remains unchanged. No right to plead over and stand trial on disallowance of the special plea was stipulated in the report. In the *Shannon* case, *supra*, such a right was reserved. See also *State* v. *McClay*, 146 Me. 104, 78 Atl. (2nd) 347; *State* v. *Inness*, *supra*, and *State* v. *Jellison*, *supra*.

In the absence of such a stipulation, the guilt of the defendant is established. There remains the matter of sentence.

The entry will be:

*Demurrer sustained.*

*Plea overruled.*

*Case remitted to the Superior Court for sentence.*