INHABITANTS OF CUSHING *vs.* INHABITANTS OF FRIENDSHIP.

Knox.     Opinion February 8, 1897.

*Reform School.     Truants.     Judgments.     Evidence.     R. S., c. 142, §§ 3, 5. Stats. 1887, c. 22; 1893, c. 206.*

Truancy is an offense unknown to the common law; but boys, between ten and fifteen, who refuse to attend school and wander about the streets and public places during the hours when the school, of which they are legally scholars, is in session, are truants under the statute.

Towns where truants have their pauper settlement, at the time of their commitment to the reform school, are liable for the support of such truants.

To sustain an action by the plaintiff town,—from whence such truants were committed,—of the defendant town, where they had their pauper settlement at the time, it must appear: (1.) That the boys were convicted of truancy, and committed to the reform school therefor, while having their residence in the plaintiff town. (2.) That the plaintiff town has paid to the superintendent of the reform school the expenses of the boys' sustenance at the rate of not over one dollar per week, each. (3.) That at the date of commitment to the reform school the boys' pauper settlement was in the defendant town.

To prove the conviction of the truancy, the record of the court is the only competent evidence; and the complaint after conviction and commitment should not be judged of upon objections as if made by the truants themselves upon a hearing and trial of the complaint.

*Held;* that the record in this case is sufficient, and until reversed is conclusive upon the parties to the action.

It is always competent to ask a witness what his motive was when it is material to some act of his own. Such evidence is admissible as res gestae.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*C. E. and A. S. Littlefield,* for plaintiff.

The mittimus being regular upon its face, it is not open to the defendant to show irregularities in the original proceedings.

Process regular upon its face, issued by a magistrate having jurisdiction of the offense charged, is a complete justification to the officer to whom it is directed.   *Chase* v. *Fish*, 16 Maine, 132; *Pooler* v. *Reed*, 75 Maine, 488; 7 Am. & Eng. Enc. p. 672, note and cases;   *Wilmarth* v. *Burt*, 7 Met. 257;   *Donahue* v. *Shed*, 8 Met. 328;   *Twitchell* v. *Shaw*, 10 Cush. 46; *Dwinnels* v. *Boynton*, 3 Allen. 310;   R. S., c. 80, § 10; *Scammon* v. *Wells*, 50 Maine, 587.

It would be absurd to hold that the state superintendent was compelled to receive a boy into his custody, and that the instrument, which was sufficiently regular upon its face to bring about that result, would not be a sufficient justification for him in establishing the right of the state to recover of the town from which the boy was committed; and a fortiori, the plaintiff town.

In the case of a commitment to the reform school, the town in which the boy resided at the time of the commitment is not a party to the proceedings; neither the town in which the boy resided at the time of the commitment or the town in which he has his settlement is a party to the proceedings; and they have no right or power to collaterally attack or impeach them.   It is the judgment of an independent tribunal against a third party, and being regular on its face, is conclusive as to all persons not parties to the proceedings.   Cases of commitment to the insane hospital do not, therefore, apply.

*W. H. Fogler*, for defendant.

Counsel argued :—

(1.)   That the mittimuses were not admissible to prove conviction of the boys.   (2.)   That the plaintiffs, failing to offer any other proof of such conviction, were not entitled to recover.   (3.) That if the mittimuses shall be held to be evidence of conviction, they are only prima facie and may be rebutted.   (4.)   That the records of the cases were admissible to rebut the recitals of the mittimuses.

The present defendants could introduce no testimony before the

magistrate ; could not have been permitted to raise the point of the sufficiency of the complaint; could not have taken an appeal. A record of conviction is not conclusive in a civil suit. Freeman on Judgments § 319. I. Greenl. Ev. § 537.

A town cannot recover of another town in which the insane person has a pauper settlement unless it appear that the municipal officers by whom he was committed followed the directions of the statute. *Naples* v. *Raymond*, 72 Maine, 213.

Complaint void:—A complaint for truancy can be made only by a truant officer. Previous to making such complaint he is required to notify the truant or absentee, and also the persons having him under control, of the offense committed and the penalty therefor, and if he can obtain satisfactory pledges that the child will conform to the statute, he shall forbear to prosecute so long as such pledges are faithfully kept.

Not only, therefore, must the complaint be made by the truant officer, but such officer, before he is authorized to make complaint, is obliged to perform that preliminary duty.

The jurisdiction must appear upon the face of the record and unless the record discloses jurisdiction the proceedings are void. *State* v. *Whalen*, 85 Maine, 469–472 and cases.

To give the magistrate jurisdiction, the complaint should not only be made by a truant officer but should allege that such officer had complied with the provision of the statute in relation to giving notice, etc.

The trial justice had no jurisdiction and his proceedings and sentences are void : (1.) Because the complaints do not allege that the complainant was a truant officer. (2.) Because the complaints do not allege that the complainant notified the respondents or the persons having them under their control of the offense and the penalty, etc. (3.) Because the complaints do not set forth any offense punishable by any law. Freem. Judg. §§ 619, 622.

Evidence of the father inadmissible, his declarations not being accompanied by any act. *Baring* v. *Calais*, 11 Maine, 463 ; *Corinth* v. *Lincoln*, 34 Maine, 310 ; *Etna* v. *Brewer*, 78 Maine, 377 ; *Deer Isle* v. *Winterport*, 87 Maine, 37–42.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J.   This is an action under R. S., c. 142, § 5, to recover the sums paid for the support of two boys in the reform school, by the plaintiff town,—from whence they were committed, —of the defendant town, where they had their pauper settlement at the time.

To sustain the action, it must be shown that the boys were committed on conviction of an offense for which the statute authorized a recovery for their support of the town whose paupers they were.   The remedy is given by statute, and without which there is none; therefore, the terms of the statute must be complied with.   To maintain this action the plaintiff must prove:—

I.   That the boys were convicted of truancy, and committed to the reform school therefor, while having their residence in plaintiff town.

II.   That plaintiff has paid to the superintendent of the reform school the expenses of the boys' sustenance at the rate of not over one dollar per week, each.

III.   That at the date of commitment to the reform school the boys' pauper settlement was in defendant town.

Does the record support a conviction of truancy?   That is the word used in the statute, R. S., c. 142, § 3.   Upon conviction thereof, sentence may be to the reform school, at the cost, for subsistence and clothing, of the town where the boy resided when committed.   Now truancy is an offense unknown to the common law, and the elements which constitute the offense must be found in some ordinance, by-law or statute.   The plaintiff town had neither ordinance nor by-law on the subject, so the statutes must be looked to for a definition of the offense.   This definition may be found in the public laws of 1887, c. 22, as amended by the act of 1893, c. 206.   It applies to boys, between ten and fifteen, who refuse to attend school and wander about the streets and public

places during the hours when the school of which they are legally scholars is in session.

The complainant charges that the boys, of proper age, "are truants from school, and will not attend nor have not attended any school during this year, as required by R. S., c. 34, § 148, against the peace of the state and contrary to the form of the statute in such case made and provided." Now there is no section 148 of chapter 34, and that chapter relates to auctioneers. The reference is to a statute that does not exist, and is like pleading an impossible date, which is no date, *State* v. *O'Donnell*, 81 Maine, 271, and therefore may be disregarded, leaving the complaint to read without the statute reference. "Truants from school, and will not attend nor have not attended any school during this year as required by revised statutes against the peace of the state and contrary to the form of the statute in such case made and provided." This reading does not charge the offense in the most artistic form, but it makes in common phrase a charge of truancy as defined by statute.

It must be remembered that the complaint should not be judged of as upon objections made by the defendants named therein. Very likely it might have been quashed on their motion, but that does not matter here. Upon it they were convicted of truancy and committed to the reform school, and must be there supported by somebody.

To prove the conviction, the record of the court is the only competent evidence. The mittimus is merely a recital of the record and is secondary, if the record be in existence, and is no more evidence of it than an execution is proof of the judgment in a civil action. It was error, therefore, to hold the mittimus conclusive evidence of the conviction recited in it—a fortiori, to exclude the record altogether. But, inasmuch as the record is before us as a part of the exceptions, we may determine its validity; and if valid and sufficient to sustain the conviction, the defendant has not been aggrieved by the ruling excepted to, for on a new trial the result must inevitably be the same.

It is competent evidence to prove the conviction for "truancy,"

and does prove it.   The conviction could not have been for any other offense, and that offense is charged in common language sufficiently plain to have its meaning understood, and while the conviction stands, the plaintiff town is liable for the support of the boys in the reform school, if they resided in plaintiff town when they were committed.

It is said that the complaint and conviction are void because the former was not made by a truant officer as such, who alone is authorized by statute to make such complaints.   The complainant signed the complaint "truant officer", and whether this be a sufficient compliance with the statute it is unnecessary to here decide. We place our decision upon the ground of the existence of a judgment, rendered by a court having jurisdiction of the parties and of the offense upon a complaint that shows for what the conviction was had, and while it stands unreversed, it is conclusive upon the parties in this action.   It has served its purpose to commit the boys to the reform school, and it may also serve to charge the town liable for their support.

The plaintiff contended that the boys had a settlement in defendant town, derived from their father who had acquired one by five years consecutive residence.   Defendant contended that this residence was interrupted by the father having lived in another town for a short period meantime.   Plaintiff called the father as a witness, and was allowed to inquire of him what his intention was when he took his family from defendant town.   To the admission of this testimony defendant has exception; but it is not well taken.   It is always competent to ask a witness what his motive was when material to some act of his own.   It is not competent to prove the declarations of a person not a party to the suit as to his motive or intent concerning acts of his own, unless the declaration be a part of the act and explanatory of it.   Then it becomes admissible as res gestæ.   *Belmont* v. *Vinal Haven*, 82 Maine, 524; *Etna* v. *Brewer*, 78 Maine, 377.

*Exceptions overruled.*