[No. 4180.]
## KINKLE v. THE PEOPLE.

1. PRACTICE IN CRIMINAL CASES—FORMER JEOPARDY—QUESTION FOR JURY.

Where the facts set forth in a plea of former jeopardy were sufficient in law to entitle defendant to a discharge, if true, it is not within the province of the trial court to overrule the plea because from facts within his own knowledge its averments are untrue, but the issue should be submitted to the jury.

2. SAME—DISCHARGE OF FORMER JURY.

Where a plea of former jeopardy averred that defendant had been previously put upon trial for the same offense, and that a jury was duly had and charged with the case, and that without his consent, and without any necessity therefor, the jury was discharged, which plea was controverted by the people, it was error for the court to refuse to submit the issue to the jury.

3. SAME—BILL OF EXCEPTIONS.

Where in a trial of a criminal case the jury is discharged, after the case has been submitted to them, without the consent of the defendant and without any necessity therefor, it is not incumbent on the defendant to object thereto and preserve the proceedings in a bill of exceptions, but he may show the facts by oral testimony in support of a plea of former jeopardy on a subsequent trial for the same offense.

*Error to District Court of Morgan County.*

ON December 19, 1899, plaintiff in error was placed on trial in the district court of Morgan county upon two informations, numbered 184 and 185, charging him with the crime of larceny. In each case he filed a plea of former jeopardy. The plea in case 184 in substance avers that at the same term, to wit, on December 13, 1899, he was put on his trial upon the same information, and a jury was duly impanelled and sworn; that after all the evidence had been received, the jury instructed and the arguments of counsel made, and on the 16th day of December, 1899, the jury retired to consider their verdict; and within twenty-two hours thereafter, with no necessity therefor and against the consent of plaintiff in error, the jury were discharged without rendering a verdict; that previous to the discharge the jury were interrogated by the court as to whether or not there was a probability of their agreeing upon a verdict, and through their foreman stated that while a verdict could not be reached at once, it was the opinion of the jury that they could agree if given further time; that thereupon the court, without any necessity therefor, discharged the jury while there was a prospect, according to the statement of the foreman, that a verdict could be reached. A like plea was filed

in case No. 185; but since, upon the subsequent trial, he was acquitted of the crime therein charged, it is not necessary now to consider it.    To these pleas the people filed a reply, admitting that defendant had been placed upon trial upon the same information and the issues submitted to the jury, but denies all the other facts set out, and setting forth its version of what occurred at the time of the discharge of the jury, alleging that the jury, through its foreman, notified the court that they could not agree upon a verdict, and that the court discharged the jury because it appeared that there was no probability of an agreement being reached. The new matter set out in the reply was denied by the defendant.    Upon the issues thus formed, the defendant asked for a trial by a jury which was denied by the court, for the reason that in its opinion the pleas did not truly state the facts.    During the trial of the cause upon the general issue which followed, the defendant offered testimony to show the jury that he had before been in jeopardy for the same offense, and offered to show the facts set out in his pleas. The court refused to permit any testimony to be introduced upon this issue, and furthermore stated :

"In this connection I want the record to show also that the alleged facts set out in the plea of former jeopardy are directly within the knowledge of the court, and that they are not true as set up in the said plea, but that the allegations in Mr. Patton's answer are substantially true."

The defendant was convicted and sentenced to the penitentiary.    At the time the plea was filed and the foregoing proceedings had, no record of the former trial had been made; but the clerk certifies that after December 31, 1899, a record was made which, *inter alia*, recites the impanelling of a jury in the case, and that:

"On the 16th of December the jury, after being duly instructed by the court, retired to consider of their verdict. The jury having been considering of their verdict for nearly twenty-four hours are called into court and inquired as to their verdict, and answering through their foreman, inform

the court that they have not agreed upon their verdict, where-
upon they are ordered to retire to further consider.   On the
17th day of December, the jury were again called into court,
and thereupon comes again said jurors and upon their oaths
say that they are of the opinion that they cannot agree upon
a verdict.   Whereupon it is considered by the court that the
said jury be discharged from the further consideration of
said cause."

Mr. W. A. HILL, Mr. L. C. STEPHENSON and Messrs.
WARD & WARD, for plaintiff in error.

Mr. D. M. CAMPBELL, attorney general, Mr. CALVIN E.
REED and Mr. DAN B. CAREY, for the people.

PER CURIAM.   The question presented for our considera-
tion is whether the court below erred in refusing to permit
the issues presented by the plea and answer to be submitted
to and passed upon by the jury.   Counsel for the people
insist that in order for the plaintiff in error to avail himself
of what occurred upon the former trial, they should have
been preserved by a bill of exceptions; and are only review-
able on a writ of error; and that it is an unwarranted innova-
tion upon the practice to permit the correctness and propriety
of the action of a court in discharging a jury to be passed
upon by a subsequent jury impanelled to try the same cause.
While, on the other hand, counsel for plaintiff in error in-
sist that when issue is joined on a defendant's plea of jeop-
ardy which states facts sufficient to entitle him to a dis-
charge, such issue should be submitted to a jury; and that
it is within their exclusive province to determine whether
the special facts alleged are true or not.   This seems to be
the recognized practice in states having constitutional provi-
sions regarding jeopardy, similar to ours.   Archibold Cr.
Pl. & Pr. 113; Bishop's Cr. Proc. sec. 816; *Conklin v. State,*
25 Neb. 784; *Powell v. State,* 17 Texas App. 345; *Grant v.
People,* 4 Parker Cr. Rep. 527; *Helm v. State,* 67 Miss. 562;
*Solliday v. Com.,* 28 Pa. St. 13; *Com. v. Merrill,* 8 Allen, 545;

*Foster v. State,* 39 Ala. 229; *People v. Fuqua,* 61 Cal. 377; *State ex rel. Voorhies v. Edwards,* 42 La. Ann. 414; *Lyman v. State,* 47 Ala. 686; *Roch's Case,* 1 Leach C. C. 135.

In passing upon the issue presented by the plea, the jury are not called upon, as contended by counsel for the people, to determine whether or not the court exercised a proper discretion in discharging the former jury; but whether, as a matter of fact, they were discharged because they could not agree. In *Helm v. State, supra,* the court, in discussing the office and nature of this plea, says:

"The issue on which the jury passed was clearly that of the existence of facts showing the legal necessity for the discharge. Without dwelling in detail on the various steps taken to bring the pleadings to a definite issue, it is sufficient to say that the court finally and substantially submitted to the jury this question of fact, viz., were the jury discharged on the former trial of defendant because they could not agree? If the issue was found affirmatively, then the legal necessity was made out. If the issue was found negatively, then the legal necessity did not exist, and the prisoner was entitled to discharge. We are of opinion that the real issue was properly made up and submitted to the jury, and we are of the further opinion that the jury properly found the issue for the state."

If the facts set forth in the plea are sufficient in law to constitute a former jeopardy which entitles a defendant to a discharge, it is not within the province of the trial court to overrule it because, from facts within his own knowledge, its averments are not true. As was said in *State v. Johnson,* 11 Nev. 273:

"It was not for the court to decide in advance that it (defendant's plea) could not be established. That issue was for the jury." *Lovett v. State,* 80 Ga. 255; *Powell v. State,* 17 Texas App. 345.

The plea in this case avers that defendant had been previously put upon trial for the same offense; that a jury was duly had and charged with his case, and that without his consent and without any necessity therefor, they were discharged.

If these facts were true, the defendant was entitled to a discharge; and being controverted by the answer of the state, we think it is clear that the court erred in refusing to permit him to submit to the jury such evidence as was available to support the averments of his plea.

It is a theory of counsel for the people, as we understand, that what occurred upon the former trial can be shown only by the record; and that if matters occurred that were not entered of record, it was the duty of plaintiff in error to preserve the same by a bill of exceptions; while it is true that if the proceedings attending the discharge of the jury on a former trial appear of record, and it shows a proper order of mistrial, the record is conclusive of that fact and cannot be contradicted by oral testimony; and if it misrepresent the facts, the defendant must take the necessary steps to have it corrected; but if, as in this case, the record is not made up, we do not think it is incumbent upon the plaintiff in error to perpetuate such proceedings by a bill of exceptions; but may show what did occur by oral testimony, including that of the judge who presided at the trial, and the jurors who were discharged on that trial. In *Pizano v. State*, 20 Texas App. 139, the proceedings that occurred on the former trial were preserved by a bill of exceptions, and the court, noticing this fact in the course of its opinion, says:

" This exception, it will be noticed, was reserved to the action of the court upon the first trial. As a precautionary measure, in order to perpetuate the facts, it was perhaps well enough that the exception was then saved, but a saving of such bill at that time was by no means an essential requisite to the right to plead and establish jeopardy in a subsequent trial. For, as was said by the supreme court of Mississippi, where such exception had not been taken on the first trial: ' It could never have been intended that a man should have excepted in the court below to something obviously for his own benefit. He did object * * * when placed upon trial for the same offense at the next term, which was as soon as he was called upon to do so.' "

In *Helm v. State, supra,* the facts and circumstances attending the discharge of the jury were testified to by the presiding judge and the jurors impanelled on the former trial.   In noticing the objection interposed to the admissibility of this testimony, Woods, chief justice, who delivered the opinion of the court, says :

"But it is insisted that the testimony of the trial judge who presided on defendant's former trial below, as well as that of the jurors who were discharged on that trial, was improperly given to the jury.   We are at a loss to imagine why the *facts* on which the trial judge acted in considering the question of legal necessity for discharge—the facts then in his possession, and which satisfied his mind that the jury could not agree, and the facts disclosed by the jurors themselves which demonstrated that they could not agree—were not competent evidence on the trial of the issue presented.   It occurs to us that this evidence of the judge and the jurors was not only free from objection, but was the very best evidence that could have been offered."

For the foregoing reasons the judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*