## ARTHUR F. STOWELL *vs.* IRA E. HOOPER.

### Cumberland. Opinion March 8, 1922.

*A writ of capias or attachment upon which an attachment has been made is properly
served by summons. Filing exceptions to the sustaining of a demurrer to a plea
in abatement is not a waiver of the right to plead anew. Neither is the
erroneous certification of a case to the Law Court. Furbish* v.
*Robertson, 67 Maine, 536, overruled.*

Literally construed, Chapter 82, Revised Statutes would seem to require all cases
wherein exceptions are reserved to be marked "Law" (Section 46) continued
(Section 46) and certified to the Law Court (Section 44). But Sections 58 and
94 are to be read into Section 46 as exceptions. Under Section 58 relating to
dilatory pleas in the Supreme Judicial Court "the court shall proceed and close
the trial, and the action shall then be continued &c." Under Section 94 relating
to the Superior Courts the action remains upon the docket and is proceeded
with "as if no exceptions had been taken."

When a demurrer to a plea in abatement is sustained the judgment is respondeat
ouster i. e. that the defendant answer further. Filing exceptions to the sustain-
ing of such demurrer is not a waiver of the right to plead anew. Neither is
the erroneous certification of the case to the Law Court.

On exceptions by defendant. An action on the case for negligence.
At the return term, the defendant made special appearance, and
seasonably filed a plea in abatement, because of an alleged insufficient
service of the writ, to which plea the plaintiff filed a demurrer after
filing a motion to strike from the files the plea in abatement. The
presiding Justice denied the motion, and adjudged the service
sufficient, to which rulings the defendant took exceptions. Excep-
tions dismissed.

The case is fully stated in the opinion.

*Gerry L. Brooks,* for plaintiff.

*Harry E. Nixon, specially,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL,
DEASY, JJ.

DEASY, J. The defendant's case is based on the mistaken theory
that a writ of capias or attachment whereon an attachment has been

made must be served not by summons but by reading or copy like a writ of original summons.

The presiding Justice properly ruled that the service by summons was correct—R. S., Chap. 86, Sec. 17. Moreover the plea in abatement is defective in form.

The defendant's exceptions are, however, brought to the court prematurely. In effect though not in terms the court sustained a demurrer to. a plea in abatement. This leads to the judgment of respondeat ouster. *McKean* v. *Parker*, 51 Maine, 390; *State* v. *Pike*, 65 Maine, 112; *Copeland* v. *Hewett*, 93 Maine, 554; *Waterman* v. *Merrow*, 94 Maine, 237.

The statute provides that the action shall "remain upon the docket of the Superior Court and be proceeded with as if no exceptions had been taken until the case is in such a condition that the overruling of said exceptions will finally dispose of it." R. S., Chap. 82, Sec. 94.

The plaintiff contends, however, that the case having been taken to the Law Court on the defendant's exceptions, his right to plead to the merits has been waived and lost. This point is not well taken.

It is clear that no waiver results from the mere filing of exceptions by the defendant. The statute regulating practice in both the Supreme and Superior Courts contemplates and provides for trials upon the merits after exceptions are taken to the overruling of dilatory pleas. R. S., Chap. 82, Secs. 58 and 94. In the former the rule applies to dilatory pleas only. R. S., Chap. 82, Sec. 58, while in the latter it includes all exceptions by defendant. R. S., Chap. 82, Sec. 94. (Sections hereinafter referred to in this opinion are Sections of R. S., Chap. 82).

A defendant therefore has by statute the right to file exceptions to the overruling of his plea in abatement without waiving his right to plead over. Because it was in the exercise of an unconditional right, the filing of exceptions by the defendant was not a waiver of his privilege of answering in bar.

Again the certification of the case to the Law Court was not a waiver by the defendant because it was not his act. The defendant filed his bill of exceptions. Being true they were allowed almost as a matter of course (Section 55). The case was then marked "Law" on the docket (Section 46) and continued (Section 46).

"The action is continued by the express command of the statute and no other entry on the docket is required except to mark the case 'Law.' That entry ipso facto operates effectually as a continuance of the action until its determination by the Law Court."

*Savings Bank* v. *Alden*, 104 Maine, 421.

The case having been marked "Law" and continued was certified to the Law Court (Section 44).

None of these acts, to wit, marking the case "Law" (an error in this instance as hereinafter appears) continuing and certifying case to the Law Court was done by the defendant. These acts of the Clerk of Courts cannot be charged to the defendant as waiving his rights. That finding his case certified to the Law Court he followed it there, can hardly be regarded as a waiver.

The plaintiff relies upon *Smith* v. *Hunt*, 91 Maine, 572. This case is not parallel. The defendant was ordered to "Answer further" (Page 573). He failed to obey the order and thereby waived his privilege. (Page 577). A defendant may plead in bar in the Supreme Court at any time before trial unless directed by the court to plead earlier. In *Smith* v. *Hunt* the defendant after the overruling of his plea in abatement was ordered to answer further. Had he done so the case would have been tried on the merits, after which trial all law questions reserved would have been certified to the Law Court.

He did not obey the order. He thus waived his right to plead over. The case was properly certified to the Law Court and decided finally against him. In the instant case there was no direction to plead anew. The presiding Justice in effect sustained the demurrer. Judgment that the defendant answer further should have, but did not follow. Sustaining the demurrer was not equivalent to such judgment. *McDonald* v. *Railway Co.* (Ala.), 26 So. 166; *Alexander* v. *de Kernel*, 81 Ky., 348.

But *Smith* v. *Hunt* refers to *Furbish* v. *Robertson*, 67 Maine, 35, and this in turn cites as its authority *State* v. *Innes*, 53 Maine, 536.

*State* v. *Innes* is not in point. The plea was in bar (Page 537). Exceptions to the overruling of a plea in bar compelled the continuance of the case and its certification to the Law Court. (Sections 46 and 44). Of course the defendant could not plead again in bar as a matter of right after his exceptions were overruled. As Judge Walton points out such practice would lead to interminable delay.

But exceptions to the overruling of a plea in abatement do not occasion a moment's delay. The case is not (or should not be) marked "Law." It is not continued. It is not certified to the Law Court. In the Supreme Court "the court shall proceed and close the trial." (Section 58). In the Superior Courts the action "shall be proceeded with as if no exceptions had been taken." (Section 94).

In *State* v. *Innes* the defendant having pleaded in bar and not having "obtained leave to plead double in the beginning" had of course no legal right to file a second plea.

*Mayberry* v. *Brackett*, 72 Maine, 103.

In *Furbish* v. *Robertson*, 67 Maine, 38 the plea was in abatement. The court inadvertently based its opinion upon the irrelevant case of *State* v. *Innes.*

In *Furbish* v. *Robertson* the defendant, after demurrer to his plea in abatement had been sustained, alleged exceptions. The provision of statute that "the court shall proceed and close the trial" was evidently overlooked, as was the equivalent provision of Section 94 in the instant case.

In the Furbish case, for the reason that the defendant alleged exceptions "without asking leave to plead anew," he was held to have waived his right to a hearing on the merits.

But the judgment and the only judgment recognized by any authority where the plaintiff prevails on an issue of law raised by a plea in abatement is that the defendant "answer further." 3 Blackstone, 303. Expressed in old Norman French the judgment is "respondeat ouster." "This judgment as its name implies does not terminate the action, but only requires the defendant to plead to the merits." 1 Black on Judgments, Section 29. Surely it is not necessary for a party to ask leave to do what the court has by its judgment ordered him to do.

See the earliest authorities on common law pleading—Tidds Practice 641, 3 Blackstone 303. Also the latest—1 Black on Judgments, Section 13. To the same effect are the decisions of all courts that have passed on the subject so far as we have been able to discover.

*Birch* v. *King*, (N. J.), 59 At ., 12; *Ocean Ins. Co.* v. *Portsmouth Co.*, 3 Met., 420; *Trow* v. *Messer*, 32 N. H., 362; *Cravens* v. *Bryant*, 3 Ala., 278; *Bradshaw* v. *Morehouse*, 6 Ill., 396.

The decisions of our own court are in harmony with other authorities. "When a plea in abatement is adjudged bad on demurrer the judgment is always respondeat ouster."

*State* v. *Pike*, 65 Maine, 112.

"It is a familiar rule in pleading that when a plea in abatement is adjudged bad upon demurrer on an issue of law the judgment is always quod respondeat ouster." *Waterman* v. *Merrow*, 94 Maine, 241. See also *State* v. *Peck*, 60 Maine, 501.

Still more important and decisive is that the statute governing the case says that "In all cases where exceptions are alleged by the defendant the action shall, notwithstanding, remain upon the docket of the Superior Court and be proceeded with as if no exceptions had been taken until the case is in such a condition that the overruling of said exceptions will finally dispose of it." R. S., Chap. 82, Sec. 94.

If "no exceptions had been taken" the defendant would of course not have had to ask leave to plead to the merits. The plea in abatement having been overruled as a matter of law the judgment respondeat ouster should have been ordered. The defendant had a right to a trial on the merits without obtaining or asking leave. This right is established by all authorities and emphasized by the statute.

Failure on the part of the defendant to ask leave to do what without asking leave he had a right to do cannot be held a waiver. It is not germane that judgments upon issues of fact raised by pleas in abatement are final. In the present case the issue was one of law decided on demurrer.

*Smith* v. *Hunt*, 91 Maine, 572 is distinguishable from this case. *State* v. *Innes*, 53 Maine, 536 is entirely irrelevant. *Furbish* v. *Robertson*, 67 Maine, 35 is a parallel case. The defendant was held in that case to have waived his right to a trial on the merits. This waiver on the part of the defendant was held to result from his failing to do one thing (ask leave to plead anew) and doing another (entering his action in the Law Court). The former no law required of him. The latter was done by a court officer. The doctrine of *Furbish* v. *Robertson* must be overruled.

The controversy in the present case grew out of a pardonable error made by the Clerk of Courts. R. S., Chap. 82, Sec. 46 says that "Cases in which there are . . . bills of exceptions . . . shall be marked 'Law' on the docket . . . and there continued." If Section 46 alone is considered this would seem to apply to all cases.

But Sections 58 and 94 must be read into Section 46 as exceptions. Under Section 58 relating to the Supreme Judicial Court "the court shall proceed and close the trial, and the action shall then be continued and marked law." Under Section 94 relating to the Superior Courts the action remains upon the docket and is proceeded with "as if no exceptions had been taken." The Law Court does not take "two bites at a cherry." When the exceptions are taken under such circumstances the case is not marked "Law" and continued, but stands upon the docket until it is in such condition that a rescript from the Law Court may be decisive and final. *Baker* v. *Johnson,* 41 Maine, 18; *Casualty Co.* v. *Granite Co.,* 102 Maine, 152.

The exceptions must be dismissed so that the case may be restored to the docket to be proceeded with "as if no exceptions had been taken."

*Exceptions dismissed.*