STATE v. HARRY M. COLE AND LOIS E. McAULEY.

Knox.     Opinion December 21, 1923.

*The entry, "Judgment for the State," in a criminal proceeding completes the record on the docket and leaves nothing whatever to the action and decision of the presiding Justice at nisi prius.*

On report. The respondents were indicted for adultery and found guilty by a jury. The respondent, Lois E. McAuley, was. fined three hundred dollars and paid. The respondent, Harry M. Cole, was sentenced to State Prison for eighteen to thirty-six months, who filed a general motion for a new trial which was denied by the presiding Justice and respondent appealed to the Law Court, where the appeal was denied. Respondent then filed a motion for a new trial on the ground of newly-discovered evidence and by agreement the case was reported to the Law Court. Report dismissed.

The case is fully stated in the opinion.

*Z. M. Dwinal, County Attorney,* for the State.

*M. A. Johnson,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. The defendant Cole was the only one interested in this proceeding. The facts pertinent to the issue may be taken from the defendant's motion for a new trial, namely: "Now comes the defendant, Harry M. Cole, in the above entitled case, after verdict against him, sentence imposed, appeal to the Law Court and the judgment of the law court against him, but before mittimus has issued, and moves for a new trial . . . ., because of newly discovered evidence."

It is unnecessary to quote further as the decision of the case turns upon a question of law. The defendant was arraigned upon the indictment, tried and convicted at the January Term of Court, 1922. After conviction he filed and addressed a motion to the presiding

Justice for a new trial.    The motion was overruled and an appeal
taken to the Law Court.    He was then sentenced to the State Prison
and released from custody on recognizance.    The appeal was entered
and heard by the Law Court.    On February 24, 1923, the certificate
of decision of the Law Court came down with the mandate "Appeal
Denied.    Judgment for the State."    This mandate was dated
February 24, 1923.    State v. Cole, 122 Maine, 559.    The mittimus,
however, was not issued until the next April Term of court; and
before the mittimus was issued the defendant filed his motion at that
term for a new trial on newly-discovered evidence.    The defendant
contends that, inasmuch as his motion was filed, at nisi, before the
mittimus was issued, the court at nisi still has jurisdiction of the case
to stay the execution of the sentence and send the motion to the
Law Court either upon appeal from a denial of the motion or on
report.    The latter could not be done as it decided in the Stain and
Cromwell Case, 82 Maine, 472.    In that case the motion on newly-
discovered evidence was sent up on report, the report discharged
and the case remitted to nisi for the decree of the sitting Justice,
and was brought up on appeal upon a denial of the motion, in accord-
ance with the provisions of R. S., 1883, Chap. 134, Sec. 27, now R. S.,
1916, Chap. 136, Sec. 28, the two sections being identical as to the
method of procedure.    But the failure of procedure is not at all the
basis of our decision.    The real issue involves the scope and effect
of a certificate "Judgment for the State" in a mandate of the Law
Court in a criminal case.    By the provisions of R. S. 1916, Chap. 136,
Sec. 27, sentence had been imposed before the appeal.    The case
had therefore been closed at nisi prius and marked "law."    If the
appeal had been sustained that would have opened the case at nisi,
but the denial of the appeal left nothing on the docket at nisi except
the record upon which the case was marked "law" and the entry
"Judgment for the State."    The latter entry completed the record
and left nothing whatever to the action and decision of the presiding
Justice at nisi.    The case was then ended and there was nothing
in the record either of fact or law upon which the presiding Justice
could predicate any jurisdiction, not even the order of a mittimus.
The force and effect of a criminal judgment as discussed in Tuttle v.
Lang, 100 Maine, 124, is as follows:    "Upon a criminal charge
within its jurisdiction, if upon trial the respondent is found guilty, or
if he plead guilty, it becomes the duty of the Judge at that session

to impose sentence. When that is done, the cause is determined, the Judge's judicial duty is at an end, and nothing remains but to carry the judgment into effect." . . . . "The issuance of a mittimus is a ministerial and not a judicial act, . . . . In courts of general jurisdiction it is issued by the Clerk, without action or direction by the Court." The same general effect is *State* v. *Sturgis*, 110 Maine, 96.

Reverting to the contention of the defendant that inasmuch as his motion was filed before the mittimus was issued his case should be differentiated from the case where the motion was filed after such issue, it is pertinent to add, that the judgment of the Law Court went into effect as soon as it was certified to the clerk of the Law Court and by him certified to the Clerk of Courts where the indictment was pending. In this case, assuming that the certificate was transmitted by due course of mail from Bangor to Rockland, it must have been received on the 25th or 26th of February. When received the certificate should have been at once recorded and mittimus thereupon issued. *Breton, Petitioner*, 93 Maine, 39. That the issue of the mittimus was delayed until the April Term of court did in no respect affect the force of the judgment of the Law Court. *Breton, Petitioner*, 93 Maine, 39, is a case in which the defendant was apprehended and committed in vacation, upon a mittimus furnished by the clerk of courts upon a sentence which ran concurrent with the sentence which had just expired.

The effect of the action of the clerk in issuing a mittiums on the second sentence is stated as follows:

"The Court omitted to state what sentence should be served first, and whether either should succeed the other. The mittimus is only a transcript of the minutes of the conviction and sentence duly certified by the clerk. The clerk has no power to control the effect of the sentences of the Court by changing the time of issuing the mittimus."

It accordingly follows that the fact that the clerk did not issue the mittimus when the judgment of the Law Court went into effect but delayed until the next term of court could in no way affect the force of the judgment of the Law Court.

We are not criticising the clerk, however, for, upon an examination of the statutes and the law we do not wonder that he may have been confused as to just what to do.

We are unable to find any legal ground upon which the court can exercise jurisdiction of the defendant's motion without trespassing upon the province of the pardoning power.

*Judgment for the State.*