STATE OF MAINE *vs.* CASPART COHEN.

Oxford.    Opinion October 15, 1926.

*A bill of exceptions should succintly state the issue and the ruling of Court excepted and contain, by reference or otherwise, sufficient to show wherein the excepting party was aggrieved.*

*A plea of former jeopardy should be met by the State by a demurrer or replication, in the first instance raising a question of law, and in the latter an issue of fact which must be submitted to a jury.*

The instant case does not show the nature of the reply by the State to the respondent's plea or whether an issue of fact or law was presented, nor whether upon the overruling of the motion any or what judgment was entered.   Exceptions will be sustained only when it appears from the exceptions themselves that the court mistook the law.

A plea of former jeopardy being in the nature of a dilatory plea, the case should have gone to final judgment before being brought to the Law Court on exceptions.   The respondent, however, having brought his exceptions to the Law Court without pleading over, must be deemed to have waived his right to answer further, and the judgment here is final.

On exceptions by respondent. Respondent was indicted for keeping a common nuisance and pleaded a previous conviction supported by a certified copy of the record.   The plea was overruled and exceptions entered. Exceptions overruled.   Judgment for the State.

The case fully appears in the opinion.

*Hugh W. Hastings, County Attorney,* for the State.

*Aretas E. Stearns and George A. Hutchins,* for the respondent.

SITTING: WILSON, C. J., PHILBROOK, STURGIS, BASSETT, PATTANGALL, JJ.

WILSON, C. J.   The respondent was indicted at the February Term, 1926, of the Supreme Judicial Court in Oxford County, under Sec. 1 of Chap. 23, R. S., for keeping and maintaining a common

nuisance, to wit: a store situated in the town of Rumford resorted to for purposes of gambling, and covering a period from January 1, 1924 to the date of the indictment.

To the indictment, the printed case shows that the respondent pleaded *autrefois convict*, alleging a previous conviction for the same offense in the Rumford Falls Municipal Court upon a complaint for keeping a store in said Rumford which was resorted to for the purposes of gambling, and covering a period from May 1, 1925 to November 19, 1925; that he pleaded guilty to the charge, which was brought under Sec. 1, of Chap. 127, R. S., and the Judge of the Municipal Court, which is expressly given jurisdiction over the offense defined in the last-named section, fined him the sum of fifty dollars and costs, which he paid.

The case, based on the indictment, is now before this court on a bill of exceptions, which must be overruled.

This court has frequently had occasion to call attention of counsel to essential requirements of a bill of exceptions under Sec. 55 of Chap. 82, R. S. *State* v. *Reed*, 62 Maine, 135; *Webber* v. *Dunn*, 71 Maine, 331; *McKown* v. *Powers*, 86 Maine, 291; *Neal* v. *Rendall*, 100 Maine, 575; *Jones* v. *Jones*, 101 Maine, 447; *Feltis* v. *Lincoln Power Co.*, 120 Maine, 101.

The printed case, which contained nothing on the title page to indicate that it is a bill of exceptions, first sets forth under the caption, "Foreword" certain alleged facts, and refers to the indictment, plea and record of an alleged former conviction, and states they "are printed within." The Foreword is followed by what purports to be a copy of an indictment for maintaining a gambling nuisance and a record of the Rumford Falls Municipal Court, showing a complaint against one Casper Cohen for keeping a place resorted to for gambling, a conviction and payment of a fine.

Then follows, under the caption "Exceptions," the following:

"After hearing on the plea of former conviction filed by the respondent, the Court overruled the respondent's plea; whereupon the respondent has alleged exceptions, and prays that his exception may be allowed."

Whether the "Foreword," the indictment, plea, or record are thus made a part of the bill of exceptions may be questioned, and this court has repeatedly ruled that it cannot "travel outside the bill of exceptions" and consider documents or evidence not made a part

thereof, though contained in the printed case. The bill of exceptions must be able to stand alone. *Jones* v. *Jones,* supra; *Feltis* v. *Lincoln Power Co.,* supra.

But overlooking the irregularity, if any, in this respect and assuming that it was the intent of counsel to make the "Foreword" and copies of the indictment, plea, and record a part of the bill of exceptions, the proceedings, so far as they are set forth in the printed case, appear either to have been irregular, or the printed case does not set forth sufficient to show whether and how the respondent was aggrieved. The printed case does not state how the issue was joined and what it was, or what the final judgment was. It sets forth only that the plea of former jeopardy was overruled, and to this ruling the respondent excepted.

The bill of exceptions, whether confined to the part under that title, or the entire printed case, falls within the language of this court in *State* v. *Houlehan,* 109 Maine, 281, 284: "The bill of exceptions does not show the character of the reply of the state to the plea   .   .   .   . whether an issue of law or of fact was presented, nor whether upon the overruling of the motion any or what judgment was entered. Exceptions will be sustained only when it appears from the exceptions themselves that the court mistook the law. *Hix* v. *Giles,* 103 Maine, 439. · The exception is overruled."

At common law, which in this state has never been modified by statute, a plea of former jeopardy should be met by the state by a demurrer or a replication; in the first case raising a question of law for the court, and in the latter raising issue of fact which should be submitted to a jury. Archibald on Crim. Pl. & Pr., Vol. 1, Page 348; Ency. P. & Pr., Vol. 9, Page 636, IV., Page 639 VI. Bish. Crim. Pro., Sec. 810, 816; *Kinkle* v. *People,* 27 Colo., 459; *Conklin* v. *State,* 25 Neb., 784; *Com.* v. *Merrill,* 8 Allen, 545.

Instances may be cited where the replication raised no issue of fact, and thus amounted in effect to a demurrer, and the court upon the pleadings and facts admitted overruled or sustained the plea; otherwise the regular proceedings should be followed.

Pleas of former jeopardy being of the nature of a dilatory plea, *State* v. *Inness,* 53 Maine, 536; *State* v. *Jellison,* 104 Maine, 281, 284, the case should have gone to final judgment before being brought to this court on exceptions. Sec. 58, Chap. 82, R. S. Whether it did

or not, the bill of exceptions does not disclose. But so far as the printed case shows, the respondent having brought his exceptions to this court without pleading over to the merits, he must, therefore, be deemed to have waived his rights to answer further, and the judgment here will be final. *State* v. *Inness,* supra; *State* v. *Jellison,* supra.

*Exception overruled.*
*Judgment for the State.*