AUGUSTA TRUST COMPANY

*vs.*

JOHN N. GLIDDEN, ROSE E. GLIDDEN AND ALLISON T. GLIDDEN.

Lincoln.      Opinion, December 28, 1934.

*Charles P. Nelson,* for plaintiff.
*Emerson Hilton and Weston M. Hilton,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J. Law on exceptions. Action of assumpsit. Defendants' real estate was attached on the writ but no service of it was made before entry. On motion of the conservators of the plaintiff company, who were permitted to come in and prosecute the action, at the return term the Court ordered notice given to the defendants, in consequence whereof summonses, not bearing its seal although signed by its clerk, were served on the defendants. At the following term, the defendants appeared specially and filed a motion to dismiss the action for lack of legal service, to which motion the plaintiff demurred. The Court sustained the demurrer and at the same time on proper motion for an order of new service, based on Section 23 of Chapter 95, R. S. 1930, granted it. Defendants except to both of said rulings.

The effect of sustaining the demurrer was to overrule the motion to dismiss which in its nature was a dilatory plea. Plaintiff contends this exception is prematurely brought forward, which contention we uphold. R. S. 1930, Section 28, Chapter 91; *Klopot* v. *John Scuik and Augusta Trust Company*, 131 Me., 499; *Jordan et al.* v. *McKay*, 132 Me., 55, 56.

The motion overruled, the defendants had the right to answer over on the merits and unless they refused to do so, or waived their right, so to do, the case should have proceeded to trial and been concluded on its merits. Neither the filing of exceptions to the sustaining of such a demurrer nor the erroneous certification of the case to the Law Court is a waiver of the right to plead anew. *Stowell* v. *Hooper*, 121 Me., 152. Nothing in the record discloses a refusal by the defendants to plead over.

Like objection is taken to the consideration *now* of the exception relating to the order for new service. That the motion therefor was preliminary to the consideration of the case on its merits is without question, even though it, it might be claimed, does not, strictly speaking, constitute a dilatory plea within the meaning of the statute above referred to. Reasons, however, that could be urged for the enactment of such a statute would demand that the prac-

tice be the same with reference to preliminary motions, dilatory in their nature, as is provided by the statute.

"It is the better practice to allow exceptions to rulings on preliminary motions in cases of this kind (unless the rulings are adverse to the proceedings) to rest in the Court below until trial is had and all questions considered when all issues can be finally determined once for all by the Law Court. A case should not be brought to this Court by piece meal when it can be avoided." *Perley* v. *South Thomaston*, 101 Me., 538, 540.

In conclusion, we hold that both exceptions are prematurely before the Law Court and hence must be dismissed "so that the case may be restored to the docket to be proceeded with 'as if no exceptions had been taken.'"

<div align="right">

*Exceptions dismissed.*