MILDRED ANDREAU *vs.* EDWARD F. WELLMAN.

ALBERT W. DOSTIE *vs.* EDWARD F. WELLMAN.

Androscoggin.   Opinion, December 6, 1946.

*Benjamin L. Berman,*

*David V. Berman,* for plaintiffs.

*William B. Mahoney,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, JJ. AND MANSER, ACTIVE RETIRED JUSTICE.

THAXTER, J.   These actions brought to recover damages for personal injuries are not properly before this court. The cases were tried before the sitting justice with right of exceptions on questions of law reserved under a stipulation which in so far as it is pertinent reads as follows:

> "It is stipulated and agreed that the Presiding Justice is to rule on the question of the defendant's liability in either or both cases. If the ruling of the Presiding Justice is in favor of the defendant in either or both cases, plaintiff has exceptions, and if the ruling of the Court is for the plaintiff in either or both cases the defendant has exceptions. And in the event the defendant's exceptions are overruled the case or cases are to come back for the assessment of damages by the Court."

The justice made a finding that the defendant was liable and that judgment should be entered for the plaintiff in each case. Following the terms of the stipulation, he made no assessment of damages. Exceptions were taken to such ruling and counsel on both sides assume that they are properly here and should be considered by this court.

Without the assessment of damages and the completion of the case below, there could be no final judgment or adjudication in the nature of a final judgment, and exceptions can properly be brought to this court only after such final adjudication.

As is pointed out in *McKown* v. *Powers*, 86 Me., 291, 29 A., 1079, exceptions have their origin in the Statute of Westminster, 2 (13 Edw. 1, c. 31), and formerly were a supplement to the record which went forward with the writ of error. Under our practice it is not now necessary to sue out the writ of error in order to bring the exceptions forward. As is said in the *McKown* case, supra, page 295:

"The bill of exceptions alone is sent direct to the court of review, and judgment is stayed in the trial court until the exceptions are determined."

As, however, no writ of error could be brought except after final judgment, *Butterfield* v. *Briggs*, 92 Me., 49, 42 A., 229; 3 C. J., 597; 4 C. J. S., 180, 331, a bill of exceptions, which is now the substitute for the writ of error, cannot properly be considered by the court of review until final judgment below; and there was no final judgment in the instant cases. *Butterfield* v. *Briggs*, supra. There is nothing in our statutes which implies or contemplates that any case can go forward to the Law Court on appeal or on exceptions until after final judgment below. And the authorities are practically unanimous in holding that this cannot be done in the absence of a statute authorizing it and that the entry of final judgment is a jurisdictional fact which the parties cannot waive. The rule is thus stated in 3 C. J., 437:

"The existence on the record of a final, or an appealable interlocutory judgment, order, or decree is jurisdictional, and, in the absence thereof, an appeal cannot be maintained, even by consent or waiver of the parties. Although no objection may be made at the hearing and no motion may be made to dismiss, the court will, on its own motion, dismiss the appeal."

To hold that we can consider these exceptions would not only do violence to all known authority, but would be subversive of those rules of procedure and practice, the aim of which is to secure a prompt disposition of causes and an efficient administration of justice in our courts. Cases should not be brought forward piecemeal for review. We should consider them only when in one alternative the decision here will end the litigation. See *State* v. *Inness,* 53 Me., 536, 541. In the instant cases no matter which way our decision might be they would have to go back for further proceedings below. As was said in *State* v. *Inness,* supra, 541:

"Cases should not therefore be entered in the law court on exceptions until they are in a condition to be finally disposed of if the exceptions are overruled."

The time consumed in the trial of these cases has been lost; for they must go back for a hearing *de novo*. The mandate in each case must be the same as in *Day* v. *Chandler*, 65 Me., 366:

*Dismissed from the law docket.*