STATE
*vs.*
GUY MELANSON

Androscoggin.   Opinion, October 15, 1956.

*Gaston M. Dumais,*
*William D. Hathaway,* for State.

*Louis Scolnick,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ., MURRAY, A. R. J. WEBBER, J., concurs specially. MURRAY, A. R. J., dissenting. CLARKE, J., did not sit.

WILLIAMSON, J. This criminal case is before us on exceptions by the respondent to the sustaining of the State's demurrer to his special plea in bar. The issue is whether a speeding summons which fails correctly to set forth the statutory prima facie lawful speed constitutes a bar to prosecution of the alleged violation of statute.

The respondent is charged on a complaint originating in the Lewiston Municipal Court with the misdemeanor of driving a motor vehicle at a speed not careful and prudent. R. S. c. 22, § 113, I, II, II-C, and II-D. Specifically, the charge is that the respondent drove a motor vehicle at a speed of 55 miles an hour, it being then and there prima facie lawful to drive at a speed not exceeding 25 miles an hour.

In the Municipal Court a demurrer by the State to a special plea in bar, identical with the plea later made in Superior Court, was sustained and the respondent ordered to plead over. The respondent thereupon pleaded not guilty, waived hearing, and appealed from a finding of guilty.

On appeal in the Superior Court the respondent filed a special plea in bar alleging that the complaining witness, a police officer, gave him a summons or notice to appear in the Municipal Court which incorrectly stated the prima facie lawful speed at the time and place of the violation to be 55 miles an hour. The State demurred and the respondent joined therein. The presiding justice made the following rulings and orders at the November Term 1955: "Demurrer to plea sustained. Respondent to plead over. Exceptions of respondent allowed. . . . Extended bill of exceptions to be filed on or before January 10, 1956." In January 1956 the extended bill was filed and allowed and the case marked "Law" on the docket. The respondent did not plead over in response to the order of the presiding justice.

We are not here concerned with the plea attached to the respondent's appeal from the Municipal Court. In receiving and acting upon the special plea in bar the presiding justice impliedly consented to the withdrawal of the "not guilty" plea. *State* v. *Schumacher*, 149 Me. 298, 101 A. (2nd) 196. Compare *State* v. *McClay*, 146 Me. 104, 116, 78 A. (2nd) 347 and *State* v. *Lawrence*, 146 Me. 360, 82 A. (2nd) 90.

The respondent's case rests upon the meaning of the portion of the statute reading:

> "Any speed in excess of the limits established by law shall be prima facie evidence that the speed is not reasonable and proper as defined in subsection I of this section. In every charge of violation of a speed limit, the complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven; also the speed at which the statute declares shall be prima facie lawful at the time and place of the alleged violation." Section 113, II, *supra*.

The critical words *also the summons or notice to appear* were first enacted in P. L. 1939, c. 213, § 4. The remainder of the sentence may be traced to P. L. 1929, c. 327, § 16 (b).

The plea of the respondent is specially in bar, not in abatement. It is so entitled and so intended by him. In argument he urges that "prosecution is forever barred." *State* v. *Demerritt*, 149 Me. 380, 103 A. (2nd) 106.

We have no difficulty in construing the provision for a statement of prima facie lawful speed in a summons or notice to be directory and not mandatory. The purpose and intent of the Legislature to give the alleged violator notice of speed and the speed limit is apparent. It does not follow, however, that the Legislature intended that error by the officer should vitiate the proceedings.

The language of the statute does not compel such a strange result. Violators are not to go free for such an

unsubstantial reason, nor do they obtain from such an error by an officer an "immunity bath," to use a phrase from *State v. Boynton*, 143 Me. 313, 322, 62 A. (2nd) 182, 188.

We may test the correctness of our conclusion by examining possible harm to a respondent from an error in the summons. The summons does not take the place of a complaint properly drawn and issued. At most, the respondent in the instant case was misled until he read the complaint setting forth correctly the prima facie lawful speed. We may readily consider that in such a situation a court would give the respondent ample time to prepare his defense. What more could he fairly ask?

The respondent does not question the sufficiency of the complaint. The *complaint* is the *indispensable charge* of the crime. Jurisdiction was not lost by a mistake of the officer in issuing the summons or notice to appear in court. The exceptions must be overruled. *State v. Boynton, supra.*

The respondent's plea was a dilatory plea. *State v. Boynton, supra; State v. Thompson*, 143 Me. 326, 62 A. (2nd) 191. In sustaining the demurrer thereto the court in substance overruled the plea. The statute reads, "When a dilatory plea is overruled and exceptions taken, the court shall proceed and close the trial, and the action shall then be continued and marked 'law' . . ." R. S. c. 106, § 19.

The respondent confronted with the adverse ruling did not exercise his right to plead over. He chose instead to bring forward his exceptions without trial, and to submit his cause for final determination on the strength of his special plea.

The case is governed by the rule stated in *State v. Inness*, 53 Me. 536, 541, in which the respondent pleaded specially a former conviction, the court said:

"... having entered his action in this Court, which he could not rightfully do unless it was in a condi-

tion to be finally disposed of if his exceptions should be overruled, his right, if any, to answer further, must be regarded as waived."

See also *State* v. *Cohen,* 125 Me. 457, 134 A. 627 and *State* v. *Jellison,* 104 Me. 281, 71 A. 716.

The entry will be

> *Exceptions overruled.*
> *Judgment for State.*

MURRAY, A. R. J., DISSENTING

The majority opinion in this case, which we shall hereafter refer to as the opinion, has decided it upon the merits. With its contention that it has jurisdiction to do so we cannot concur.

Our contention is that the case is not in this court legally, therefore, not here at all, and all that this court can do is dismiss it from the docket for want of jurisdiction.

Following is the record of the lower court:

> 1955 Nov. T 2 Defendant's plea filed. State's demurrer to plea filed. Respondent's joinder filed. Demurrer to plea sustained. Respondent to plead over.
>
> 1955 Nov. T 8—Extended bill of exceptions to be filed on or before Jan. 10/56.
>
> 1956 Jan. T 6—Extended bill of exceptions filed and allowed.
> Jan. 9
> 8—Law Court notified. Law

The record does not show that evidence was filed before case was marked law. Rule 19 A. Nor does it show that respondent pleaded over. It does not show that the case was closed. It does not show a finding of guilty. It does not show judgment. that is the sentence.

R. S. 1954, Chap. 106, Sec. 19. "When a dilatory plea is overruled and exceptions taken, the Court shall proceed and close the trial and the action shall then be continued and marked Law."

The opinion appears to admit that this statute must be complied with by saying:

"The respondent confronted with the adverse ruling did not exercise his right to plead over. He chose instead to bring forward his exceptions without trial, and to submit his cause for final determination on the strength of his special plea. He cites as authority "* * * Having entered his action in this court, which he could not rightfully do unless it was in a condition to be finally disposed of if his exceptions should be overruled, his right, if any, to answer further, must be regarded as waived." *State* v. *Inness,* 53 Me. 536, 541.

The record shows what *Stowell* v. *Hooper,* 121 Me. 152, 156 calls a pardonable error by the clerk, in that the clerk marked the case Law, almost the moment the exceptions were filed, before the evidence was filed and before the case was closed by the court. This case also holds that the entering of the case in the Law Court was not a waiver by the respondent, this was the act of the clerk, and that the respondent finding his case in the Law Court and following it there, can hardly be regarded as a waiver. This has been affirmed in *Hutchings* v. *Libby,* 149 Me. 371, 377; *Augusta Trust Company* v. *Glidden,* 133 Me. 241, 242; *Kloput* v. *Scuik,* 131 Me. 499.

In *Kloput* v. *Scuik, supra,* defendant did not plead over nor was case closed. *Augusta Trust Co.* v. *Glidden, supra,* after holding that neither filing of exceptions nor erroneous certification of exceptions was a waiver, also held record did not show a refusal to plead.

In case at bar, the record does not show a refusal to plead over. Respondent could plead over at any time before trial unless directed by the court to plead over earlier. *Stowell* v. *Hooper, supra,* 154. The judgment of the court to plead over could hardly be called an order to plead at a definite time, because to plead over was the only judgment which the court could give.

We also add that if the plaintiff could waive his right to plead over, and if he did so, this could not be a waiver of the express command of the statute that the presiding justice close the case before it could be marked Law or sent to the Law Court. Not even the justice could waive that command. This case is now in the Law Court without an adjudication in the lower court of conviction. *Cushing* v. *Friendship,* 89 Me. 529, and without a judgment. Sentence is the judgment in a criminal case. *Jenness* v. *State of Maine,* 144 Me. 45; *State* v. *Stickney,* 108 Me. 136.

"This court has said many times, the Supreme Judicial Court sitting as a Law Court is of limited jurisdiction. As such, it is a statutory court and can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure." *Sears Roebuck & Co.* v. *Portland et al.,* 144 Me. 250, 254.

"There is nothing in our statutes which implies or contemplates that any case can go forward to the Law Court on an appeal or on exceptions until after final judgment below. And the authorities are practically unanimous in holding that this cannot be done in the absence of a statute authorizing it and that the entry of final judgment is a jurisdictional fact which the parties cannot waive * * * The existence on the record of a final * * * judgment * * * is jurisdictional, and in the absence thereof an appeal cannot be maintained even by consent or waiver of the parties. Although no objection may be made at the hearing and no motion may be made to dismiss, the court will on its own

motion dismiss the opinion." *Andreau et al.* v. *Dostie,* 142 Me. 271, 273, 274.

Not only is there no statute in this State allowing a case to go forward before final judgment, but there are two statutes forbidding it, R. S. 1954, Chap. 106, Sec. 19, and R. S. 1954, Chap. 148, Sec. 29. The latter "Sentence shall be imposed upon conviction * * * although exceptions are alleged."

If the opinion prevails, it is on the reasoning that there has been a final judgment in the lower court and therefore this court has jurisdiction. If this is so, the lower court has no jurisdiction in the matter not even to order a mittimus. When the mandate comes from the Law Court, the clerk of the lower court on its receipt, acting ministerially, issues a mittimus, which in this case is nonsense, because there would be no sentence in the mittimus, the court has lost its jurisdiction and the respondent would be free. On the other hand, according to the dissenting opinion, the case would be dismissed from this docket because of having been prematurely brought here, it would then go back to the lower court where the court could close the case. *State* v. *Cole,* 123 Me. 340.

"Cases should not therefore be entered in the Law Court on exceptions until they are in a condition to be finally disposed of if the exceptions are overruled." *Andreau et al.* v. *Wellman,* 142 Me. 271, 274. If this case is properly in the Law Court then it is finally disposed of by the mandate of the opinion "exceptions overruled." Although there is no record of a conviction or a sentence which is the judgment. We think the mandate should be dismissed from this docket having been brought here prematurely.

WEBBER, J., CONCURRING

I concur fully in the opinion of the court. I note that in the dissenting opinion there is no suggestion that *State* v.

*Inness,* 53 Me. 536, has been overruled and no effort is made to distinguish it from the case at bar. I am satisfied that it controls the situation now before us. There, as here, the State filed a demurrer to a dilatory plea in bar. There, as here, the demurrer was sustained and the respondent took exceptions. There, as here, there was a proper order to plead over which was ignored by the respondent. There, as here, there was no adjudication of guilt or imposition of sentence by the court below. Yet the mandate in Inness was "Exceptions overruled. Judgment final for the State." I take the latter portion of the mandate to be directory to the court below and pursuant to that mandate the respondent was to be adjudged guilty without further hearing, and sentenced. This summary action logically follows the waiver by the respondent of his right to plead over and have trial upon the merits as Inness clearly indicates.

The opinion in *Stowell* v. *Hooper,* 121 Me. 152, relied upon in the dissenting opinion, makes it clear that Inness is distinguished rather than overruled. The distinguishing feature emphasized by Stowell was the failure of the court in that case to order the party offering the dilatory plea to plead over. The court said at page 154: "In the instant case there was no direction to plead anew. The presiding Justice in effect sustained the demurrer. Judgment that the defendant answer further *should have, but did not follow.*" (Emphasis supplied.) The opinion reasons that the error being that of the court rather than of the party, the party cannot thereby be charged with waiver. However, the court recognized that waiver can and does arise from failure to respond to the order to plead over, but pointed out that it does not arise from the mere taking of exceptions. Whether Stowell is in all its aspects well reasoned is not in issue here. The important consideration is that it does not alter the rule in Inness and leaves Inness controlling of the situation which must here be decided.