**STATE of Maine**

v.

**Gregory CLARK.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 14, 1994.
Decided May 17, 1994.

David W. Crook, Dist. Atty., Paul Rucha, Asst. Dist. Atty., Augusta, for the State.

C.H. Spurling, Augusta, for defendant.

Before WATHEN, C.J., ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ., and COLLINS, A.R.J.*

CLIFFORD, Justice.

Gregory Clark appeals from an order of the Superior Court (Kennebec County, *Chandler, J.*) revoking Clark's sentence being served pursuant to intensive supervision (ISP) and requiring him to serve his remaining seventeen months in institutional confinement. Clark contends that the Superior Court lacked jurisdiction to hear the motion to terminate ISP when it held the hearing after the statutory seven-day time limit. We affirm the order.

In September of 1991, after having entered pleas of guilty to counts of robbery, theft, burglary, and criminal threatening with a dangerous weapon, Clark was sentenced in the Superior Court (*Chandler, J.*) to serve ten years in prison, with all but five of those years suspended, and the final eighteen months of the unsuspended portion to be served with intensive supervision. *See* 17-A M.R.S.A. §§ 1261-1267 (Supp.1993).[1] Conditions of Clark's ISP included abiding by a curfew, remaining at his residence except for travel approved in advance by his ISP officer, refraining from possession or use of alcohol, and not violating any federal, state, or municipal laws.

Approximately two weeks into the intensively supervised portion of his sentence, Clark left his home without approval, drank alcohol, drove in violation of his habitual offender status, and stole alcohol and money from a safe, all in violation of his ISP conditions. On July 16, 1993, a motion was made for termination of ISP and a hearing in the Superior Court was scheduled for July 27, 1993. On the morning of July 27th, the court met with counsel and, because the court was occupied with a jury trial, the hearing was postponed for two days over Clark's objection. Clark then moved to dismiss the motion to terminate ISP, contending, as he does in this appeal, that the delay placed the hearing beyond the seven-court-day statutory time limit between notice of violation and the hearing to terminate ISP, and thus deprived the court of jurisdiction to hear the matter and terminate his ISP. The court did hear the motion to terminate on July 29. Following the hearing, the court denied Clark's motion to dismiss and also ordered that his ISP be terminated and that he serve the remaining portion of his unsuspended sentence in institutional confinement. Clark's appeal followed.

17-A M.R.S.A. § 1265 (Supp.1993) governs termination of ISP, providing that

1. Upon probable cause to believe that a prisoner on [ISP] has violated any condition of that program, that prisoner may be immediately apprehended. Notice of the violation shall be filed with the sentencing court or any Superior Court within 2 court days[.] ...

2. A hearing shall be held within 7 court days of the filing of notice of violation....

We are unpersuaded by Clark's contention that the seven-court-day period imposed by section 1265(2) is jurisdictional in nature, and

---

* Justice Collins participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

1. "A sentence to imprisonment with intensive supervision means a sentence to confinement outside an institution under a set of rigorous conditions imposed at the time of sentencing. It is an alternative to institutional confinement[.] ..." 17-A M.R.S.A. § 1261(1) (Supp.1993). "A person sentenced to a period of intensive supervision pursuant to this chapter is in the official custody of the Department of Corrections." 17-A M.R.S.A. § 1261(4) (Supp.1993).

that, because the hearing was not held within seven court days of the filing of the notice of violation, the Superior Court lacked jurisdiction to terminate Clark's ISP.

Section 1265(2) was designed to afford a person serving a sentence pursuant to the intensive supervision program a prompt hearing on revocation of ISP because the defendant has no right to bail. *See id.* at § 1265(5). The use of the word "shall," however, does not make the seven-day requirement jurisdictional in nature. *See State v. Melanson,* 152 Me. 168, 126 A.2d 278, 280 (1956). Section 1265(2) does not provide for any consequence if the seven-day period is exceeded and does not allow a prisoner who violated conditions of ISP to receive an "immunity bath" if the hearing is not held within the seven days. *See Melanson,* 126 A.2d at 280. To hold otherwise would undermine the general statutory scheme of ISP. *See Mahaney v. State,* 610 A.2d 738, 741 (Me.1992); *Faucher v. City of Auburn,* 465 A.2d 1120, 1124 (Me.1983).

Clark may have had a right to seek bail after the seven-day period had expired. He did not, however, and was accorded a full hearing only two days following the court's continuance of the hearing on July 27. Clark can point to no cognizable prejudice resulting from the two-day delay in his hearing. Accordingly, his appeal must fail.

The entry is:

Order affirmed.

All concurring.